■ Colleen Shaw, an Infant, by Her Guardian, Janet Kazolas, et al., Respondents, v Donna Kull, an Infant, by Her Guardian, Patrick C. Kull, et al., Defendants and Third-Party Plaintiffs-Respondents, and Richard L. Horton, Respondent. Anthony G. Nowachek et al., Defendants and Third-Party Defendants-Appellants. (Actions Nos. 1 and 3.) Donna L. Kull, an Infant, by Her Father, Robert J. Kull, et al., Respondents, v Richard L. Horton, Defendant, and Anthony G. Nowachek et al., Appellants. (Actions Nos. 2 and 4.) —In four consolidated actions to recover damages for personal

injuries, etc., the defendants Nowachek appeal from an order of the Supreme Court, Nassau County (Kutner, J.), dated March 10, 1987, which denied their motion for summary judgment dismissing all complaints, third-party complaints and cross claims insofar as they are asserted against them.

Ordered that the order is affirmed, with costs.

These four actions arise from a collision between a moped operated by Donna Kull and an automobile operated by Richard Horton at the intersection of Pequash Avenue and Fleetwood Road in the Town of Southold on July 31, 1983. The appellants own a corner lot abutting the intersection where the accident occurred. Donna Kull and Richard Horton claim that they were unable to see each other in time to avoid the accident because of overgrown trees and bushes on the appellants' property.

Summary judgment was properly denied to the appellants. Triable issues of fact exist. Contrary to the appellants' assertions, violation of an ordinance of local government is some evidence of negligence where the injury is a consequence against which the ordinance was intended to protect *(see, Long v Forest-Fehlhaber,* 55 NY2d 154, 160, *rearg denied* 56 NY2d 805; *O'Leary v American Airlines,* 100 AD2d 959). Mollen, P. J., Lawrence, Weinstein and Balletta, JJ., concur.