■ GERALD PERMUY et al., Respondents, v CITY OF NEW YORK, Appellant.—Order of the Supreme Court, New York County (Karla Moskowitz, J.), entered on December 30, 1988, which granted plaintiffs' motion for summary judgment as to liability, is unanimously reversed on the law and the motion denied, without costs or disbursements.

Plaintiffs-respondents Gerald and Eileen Permuy seek to recover damages for personal injuries allegedly sustained by Gerald Permuy in the course of his employment with the New York City Department of Sanitation. On April 1, 1987, plaintiff was assigned as a general worker on a sanitation route. His partner for the day was Carl McCain, who was designated as the driver of the collection truck. Plaintiffs alleged that McCain's negligence in failing to ascertain whether the pins locking the tailgate were free of obstruction and fully engaged caused Gerald Permuy, as he finished loading a bag of garbage into the hopper of the truck, to be thrown backwards and struck in the groin area when the tailgate popped open. As a result of the blow suffered by plaintiff, he developed serious and permanent physical injuries. Immediately following the accident, an inspection was performed on the vehicle. Safety Officer Thomas Galligan thereafter issued a report which states in pertinent part that:

"Upon inspection of the vehicle by garage Foreman Saggese, D.S. Jacobsen and garage mechanic G. Karayanis it was apparent that 1½ [inches] of debris by the left pin, and 1¼ [inches] of debris by the right pin. This debris it appears held [the] tailgate away from the body of [the] truck making it unable for the pins to raise to the proper level. The pins being unable to raise to the proper position enabled the tailgate to force open under pressure of cycling when the truck became loaded. * * *

"It appears that the pins were not checked at roll call or when the vehicle was dumped prior to accident. The amount of debris sitting on back of tailgate was not cleared out, in violation [of] department regulation teletype #86-3431."

Department regulation No. 86-3431 provides that an operator of the truck may not rely on the electronic indicators inside the cab to determine whether the tailgate is properly secured but, rather, must perform a visual inspection to ensure that the pins are not blocked by debris. Galligan found debris in each of the pins, and it was this debris which prevented the pins from locking, thereby permitting the tailgate to open. According to Supervisor R. Jacobsen, the tailgate was not locked properly by the driver, and a complaint against McCain would be forthcoming. However, McCain was never disciplined as a consequence of plaintiff's accident. In moving for summary judgment on the issue of liability only, plaintiffs urged that no evidence was submitted by defendant-appellant City of New York to contradict the admissions by the Department of Sanitation that McCain acted negligently

and in violation of its regulation. Moreover, plaintiff disclaimed any responsibility for the incident, contending that it was the driver's duty to check the truck's mechanism and not that of the loader, plaintiff's job on the operative date. The Supreme Court agreed with plaintiff's position, concluding that "in spite of the fact that driving and loading functions were routinely alternated along the route, departmental regulations clearly provide that one worker is designated 'driver' and is given various responsibilities based upon that designation. The designated driver must inspect the truck before it is taken out for the day. On the day of the accident McCain was designated driver and was therefore responsible for the inspection. McCain was negligent, failing in his duty as driver to inspect and that negligence was the proximate cause of the accident. * * * Nor is there any shred of negligence that can be attributed to the plaintiff."

It should be noted that summary judgment is infrequently granted in negligence actions *(Ugarriza v Schmieder,* 46 NY2d 471; *Andre v Pomeroy,* 35 NY2d 361; *Logan v City of New York,* 148 AD2d 167; *Rennie v Barbarosa Transp.,* 151 AD2d 379).* In that regard, the instant matter does not present one of those rare situations in which summary judgment is warranted since the record herein does not demonstrate the absence of any disputed questions of fact. The Supreme Court itself observed that McCain asserted that he had inspected the truck, including the tailgate and pins, before leaving the garage to pick up plaintiff, yet the court proceeded to find in that same opinion that McCain was negligent in failing to inspect the truck. However, it is conceivable that McCain did indeed properly examine the truck but, nonetheless, some hidden defect precipitated the accident. Proximate cause, which "is no less essential an element of liability because the negligence charged is premised in part or in whole on a claim that a statute or ordinance * * * has been violated" *(Sheehan v City of New York,* 40 NY2d 496, 501), is a matter for the determination of the jury. Further, even assuming that McCain did not comply with a Department of Sanitation regulation, a violation of a rule of an administrative agency or ordinance of a local government is merely some evidence of negligence and not negligence per se *(Long v Forest-Fehlhaber,* 55 NY2d 154, 160, *rearg denied* 56 NY2d 805; *Shaw v Kull,* 141 AD2d 813). It also does not appear that plaintiff Gerald Permuy has established his lack of any responsibility for the accident. The regulation relied upon by plaintiffs refers only to an "operator" and does not distinguish between driver and

loader, and there is at least some doubt as to whether the definition of "operator" is limited to the driver. Certainly, the issue of contributory negligence is generally a question of fact for the jury to decide *(MacDowall v Koehring Basic Constr. Equip.,* 49 NY2d 824). Therefore, under the circumstances herein, there are unresolved factual matters as to whether McCain failed to inspect the pins and tailgate, whether he thereby violated the Department of Sanitation regulation, and if such lack of compliance did occur, whether it was the proximate cause of the accident and, finally, whether plaintiff had any obligation to examine the pins and tailgate himself or to otherwise exercise due care in loading the garbage onto the truck. Concur—Kupferman, J. P., Sullivan, Milonas, Rosenberger and Wallach, JJ.