■ EVELYN WOZNICK, Respondent, v LORI A. SANTORA et al., Respondents, and JAMES CHINGOS et al., Appellants.—In an action to recover damages for personal injuries, the defendants James Chingos and Margaret Chingos appeal from so much of an order of the Supreme Court, Suffolk County (Copertino, J.), entered September 17, 1990, as denied that branch of their motion which was for summary judgment dismissing so much of the complaint and the cross claims against them as was based on the allegation that their shrubbery exceeded the height permitted by Smithtown Building Zone Ordinance § 54-10 (E).

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

On July 8, 1986, at approximately 5:22 P.M., a vehicle operated by the plaintiff collided at the intersection of Sixth Street and Third Avenue in the Village of St. James, New York, with a vehicle operated by the defendant Lori Ann Santora. At the time of the accident, the appellants admittedly maintained a three and one-half to four-foot hedge abutting this intersection. Santora testified in her deposition that her vision was obscured by this hedge and that she was unable to see either the plaintiff's vehicle or the stop sign at the intersection. While the plaintiff's testimony at an examination before trial was unclear, she did testify at one point that the hedges also obscured her view. Pursuant to Town of Smithtown Building Zone Ordinance § 54-10 (E), "no hedge, shrub or other growth shall be maintained at a height in excess of two (2) feet above the curb level" within a designated vicinity of a street corner.

Contrary to the appellants' argument, the ordinance was intended to protect motorists and pedestrians from any growth or structure which interferes with vision at corner intersections and not merely at corners with installed curbs. A simple reading of the law evidences that the reference to the "curb" is merely to establish a point from which a growth might be measured and not a legislative instruction that the law is not to apply to intersections lacking a concrete curb. The appellants' argument that the law only applies to corner lots with concrete curbs is, therefore, without merit.

Moreover, the violation of an ordinance intended for the public good may form the basis for a finding of some negligence, although it will generally be a question of fact as to whether that negligence was a proximate cause of the plaintiff's injuries (see, Ferrer v Harris, 55 NY2d 285; Somersall v New York Tel. Co., 52 NY2d 157; Grandone v Cosentino, 22 NY2d 747). As it is undisputed that the shrubs on the appellants' property were in excess of two feet in height and that they fell within the triangular area at the intersection of Third Avenue and Sixth Street, the Supreme Court properly denied summary judgment (see, Shaw v Kull, 141 AD2d 813). Mangano, P. J., Harwood, Balletta and Eiber, JJ., concur.