■ GENEVIEVE MCSWEENEY, Appellant, v KEVIN ROGAN et al., Defendants, TOWN OF OYSTER BAY, Appellant, and MONICA BOTTO et al., Respondents. (Action No. 1.) AETNA CASUALTY & SURETY COMPANY, as Subrogee of JOHN MCSWEENEY and Another, Appellant, v KEVIN ROGAN, Defendant, and MONICA BOTTO et al., Respondents (Action No. 2.) [618 NYS2d 430] —In related actions, *inter alia,* to recover damages for personal injuries, the plaintiff in Action No. 1, Genevieve McSweeney, the plaintiff in Action No. 2, Aetna Casualty & Surety Company and the defendant Town of Oyster Bay separately appeal from an order of the Supreme Court, Nassau County (Yachnin, J.), dated April 27, 1993, which granted the motion of the defendants Monica Botto and James Botto for summary judgment dismissing the complaint insofar as it is asserted against each of them, and all cross claims against them.

Ordered that the appeal by Aetna Casualty & Surety Company is dismissed as abandoned; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the respondents are awarded one bill of costs, payable by the plaintiff Genevieve McSweeney and the defendant Town of Oyster Bay.

The plaintiff Genevieve McSweeney sustained injuries in a car accident which occurred as she was making a left turn from southbound Milton Street onto eastbound West John Street in Hicksville. McSweeney brought an action against the driver of the other car, the Town of Oyster Bay, Nassau County, and the owners of the property located on the northwest corner of the intersection where the accident occurred. McSweeney alleged that the owners of the property, the respondents Monica and James Botto, had allowed the hedges around the edge of their yard to grow to such a height that they interfered with visibility at the intersection, thereby creating a traffic hazard.

Upon the Bottos' motion for summary judgment, the Supreme Court concluded that they owed no common-law duty to control the vegetation on their property for the benefit of users of the public highway. The court further concluded that an ordinance of the Town of Oyster Bay, which provides that no hedge or shrub growth on a corner lot shall be maintained which may cause danger to traffic on the street by obstructing the view (see, Town of Oyster Bay Ordinance § 246-28), does not give rise to tort liability based on its violation because it does not expressly provide for such liability.

While we agree that the Bottos were under no common-law duty to control the hedges for the benefit of McSweeney (see, Ingenito v Robert M. Rosen, P. C., 187 AD2d 487), the ordinance in question imposes a duty on the Bottos that may give rise to tort liability for damages proximately caused by its violation (see, Barnes v Stone-Quinn, 195 AD2d 12, 14-16; Woznick v Santora, 184 AD2d 692).

This error notwithstanding, the order should be affirmed. McSweeney did not recall the events leading up to the accident, and the photographic evidence submitted in opposition to the Bottos' motion was insufficient to create a factual issue that the hedges created an unsafe condition at the time of the accident. Moreover, the driver of the other vehicle testified that when he first saw McSweeney's vehicle, it was blocking both westbound lanes of West John Street, far past any point of limited visibility. The parties opposing the Bottos' motion therefore failed to raise triable issues as to whether they breached their duty, and whether the breach was the proximate cause of the accident (see, Zuckerman v City of New York, 49 NY2d 557, 562). O'Brien, J. P., Pizzuto, Altman and Hart, JJ., concur.