■ PATRICIA SZELA et al., Respondents, v TERESA R. COURTIER et al., Respondents, and LAWRENCE J. CASTLEBURY et al., Appellants. [718 NYS2d 80] —In an action to recover damages for personal injuries, etc., the defendants Lawrence J. Castlebury and Lynn Castlebury appeal from an order of the Supreme Court, Suffolk County (Tannenbaum, J.), dated March 28, 2000, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

The appellants are the owners of real property located at the intersection of Sommerset Avenue and Hawthorne Street in Mastic, New York. The plaintiffs claim that they were injured when their vehicle collided with a vehicle owned by the defendant Gary Courtier Home Improvements, Inc., and operated by the defendant Teresa Courtier, at that intersection. Ms. Courtier admitted that she did not see the stop sign at the intersection and that she failed to bring her vehicle to a stop before entering the intersection. The plaintiffs allege that the appellants are liable because they had permitted the stop sign in question to become obscured as the result of an overgrown tree located on their property. The Supreme Court denied the appellants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. We reverse.

The appellants were under no common-law, statutory, or

regulatory duty to trim the foliage of the tree located on their property to enhance the visibility of the stop sign posted at the intersection as a traffic-control device. "Property owners have no common-law duty to control the vegetation on their property for the benefit of public highway users" (*Cain v Pappalardo,* 225 AD2d 1005, 1006; *see also, Weitz v McMahon,* 252 AD2d 581; *Nurek v Town of Vestal,* 115 AD2d 116, 117). Furthermore, Brookhaven Town Code § 85-378, by its unambiguous terms, requires only that "no * * * tree * * * which may cause danger to traffic by obscuring or obstructing visibility at intersections shall exceed two and one-half (2½) feet in height." The tree did not in any way obstruct the view of the intersection. Accordingly, the plaintiffs failed to demonstrate any issue of fact as to whether the appellants violated this ordinance. Bracken, J. P., Thompson, Altman and McGinity, JJ., concur.