■ MARTIN P. PERLAK, Respondent, v CYNTHIA E. SOLLIN, Respondent, VALLEY STREAM UNION FREE SCHOOL DISTRICT 13, Appellant, et al., Defendant. [737 NYS2d 660] —In an action to recover damages for personal injuries, the defendant Valley Stream Union Free School District 13 appeals from an order of the Supreme Court, Nassau County (DiNoto, J.), dated November 1, 2000, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and granted the plaintiff's cross motion for leave to amend his complaint.

Ordered that the order is affirmed, with one bill of costs.

The plaintiff alleges that he was seriously injured when a van driven by the defendant Cynthia E. Sollin failed to stop at

a red light and struck him while he operated a motorcycle, at the intersection of Rockaway Parkway and Wheeler Avenue in Valley Stream. The plaintiff further alleges that his view of traffic at the intersection was obstructed by hedges on the property of the appellant, Valley Stream Union Free School District 13 (hereinafter the district). The Supreme Court denied the district's motion for summary judgment and granted the plaintiff leave to amend the complaint to allege a violation of the Village of Valley Stream Code § 99-1804 (E) (hereinafter the Code), which provides that plantings on property are to be maintained at a safe height. This appeal ensued.

"Leave to amend the pleadings 'shall be freely given' absent prejudice or surprise resulting directly from delay" (*Fahey v County of Ontario,* 44 NY2d 934, 935; *see,* CPLR 3025 [b]). Here, the plaintiff's claim that the district violated the Code by permitting the hedges at the school to obstruct the view of traffic was based upon the same allegations contained in his original complaint and notice of claim (*see, Kondek v City of New York,* 271 AD2d 493; *Sullivan v Board of Educ. of Eastchester Union Free School Dist.,* 154 AD2d 664).

Summary judgment was properly denied. "[T]here is no common-law duty of a landowner to control the vegetation on his or her property for the benefit of users of a public highway" (*Ingenito v Robert M. Rosen, P.C.,* 187 AD2d 487, 488). However, the Code imposes such a duty. There are triable issues of fact as to whether the Code was violated, and if so, whether such violation was a proximate cause of the accident (*see, McSweeney v Rogan,* 209 AD2d 386; *Woznick v Santora,* 184 AD2d 692). Santucci, J.P., Altman, Florio and Goldstein, JJ., concur.