■ Stacy L. Wheeler et al., Respondents, v Buxton Industrial Equipment Co., Inc., et al., Defendants and Third-Party Plaintiffs-Respondents. Harran Transportation Company, Inc., Third-Party Defendant-Respondent; Babylon Iron Works, Inc., Third-Party Defendant-Appellant. (Action

No. 1.) Dominic Citarella, Jr., Respondent, v Harran Transportation Company, Inc., et al., Defendants and Third-Party Plaintiffs-Respondents. U.S. Filter Company et al., Third-Party Defendants-Respondents; Babylon Iron Works, Inc., Third-Party Defendant-Appellant. (Action No. 2.) [740 NYS2d 73] —In two related actions to recover damages for wrongful death, the third-party defendant in both actions, Babylon Iron Works, Inc., appeals from so much of an order of the Supreme Court, Suffolk County (Klein, J.), dated February 16, 2001, as denied its motions for summary judgment dismissing the third-party complaints insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, the motions are granted, and the third-party complaints are dismissed insofar as asserted against the appellant; and it is further,

Ordered that on the Court's own motion, so much of the order as granted those branches of the cross motions of the plaintiffs which were for leave to serve supplemental summonses and complaints adding Babylon Iron Works, Inc., Joseph Zahralban, and Mildred Zahralban as defendants in the actions is vacated, and those branches of the cross motions are denied; and it is further,

Ordered that Babylon Iron Works, Inc., is awarded one bill of costs.

These two related actions arose out of a fatal motor vehicle accident at the intersection of Edison Avenue and Field Street in Babylon. The third-party defendant, Babylon Iron Works, Inc. (hereinafter Babylon Iron), was the owner of the corner lot adjacent to where the accident occurred. The third-party complaints alleged that Babylon Iron negligently permitted trees and shrubs on its property to obstruct the view of drivers at the intersection. Babylon Iron moved for summary judgment dismissing the third-party complaints in both actions insofar as asserted against it, on the ground that it owed no duty to control the vegetation on its property for the benefit of users of the adjacent roads. In opposition, the plaintiffs and third-party plaintiffs argued that Babylon Iron could be held liable for violating statutes and ordinances concerning foliage and construction vehicles on its property and requested an opportunity to explore that possibility in discovery. The Supreme Court denied the motions for summary judgment, holding that there were issues of fact as to whether Babylon Iron could be held liable for breaching a statutory duty. We reverse.

There is no merit to the claim that Babylon Iron may be held liable for violating Highway Law §§ 103-a or 319, since both

sections contemplate "the affirmative action or acquiescence of a landowner in placing an obstruction in the highway or consenting to such placement. Here, there are no allegations that the overhanging foliage occurred other than by natural means" (*Cain v Pappalardo,* 225 AD2d 1005, 1006). Nor may liability under these sections be predicated upon the claim that Babylon Iron parked construction vehicles on its property which obstructed the views of drivers. The statutes only prohibit obstructions "within the bounds of the highway" (Highway Law §§ 103-a, 319 [1]), as opposed to on the property itself.

The contention that liability may be imposed upon Babylon Iron for violating Town of Babylon Zoning Ordinance § 213-169 must also fail since its requirement, that property be "suitably shrubbed, landscaped and neatly maintained," was not intended to protect drivers on adjacent roads from the hazards of overgrown vegetation obstructing their view (*cf., Woznick v Santora,* 184 AD2d 692). Accordingly, the motions for summary judgment dismissing the third-party complaints insofar as asserted against Babylon Iron should have been granted.

We also vacate so much of the order as granted the cross motions of the plaintiffs for leave to add Babylon Iron and its individual owners as direct defendants in the actions since that relief is inextricably intertwined with the portion of the order appealed from (*see generally, City of Mount Vernon v Mount Vernon Hous. Auth.,* 235 AD2d 516, 517). Ritter, J.P., Feuerstein, Friedmann and Crane, JJ., concur.