■ ERICA LEGGIO, an Infant, by BENNY A. LEGGIO, Her Father and Natural Guardian, Appellant, v SHARON B.

GEARHART et al., Defendants, and COUNTY OF SUFFOLK et al., Respondents. [743 NYS2d 135] —In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Emerson, J.), entered March 27, 2001, as granted the separate motions of the defendants County of Suffolk, Long Island Lighting Company, I.P.I. Industries, Inc., and Gibbons, Esposito & Boyce Engineers, PC, for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The infant plaintiff was seriously injured when she was struck by a car driven by the defendant Sharon B. Gearhart, while crossing Little East Neck Road in West Babylon. Thereafter, the plaintiff instituted this negligence action, alleging that the Town of Babylon, County of Suffolk, Long Island Lighting Company (hereinafter LILCO), I.P.I. Industries, Inc. (hereinafter IPI), and Gibbons, Esposito and Boyce Engineers, PC (hereinafter Gibbons), who were involved in a roadway reconstruction project on Little East Neck Road, failed to properly maintain the roadway, and negligently allowed obstructions, such as a utility pole and a weeping willow tree, to obstruct her view of oncoming traffic.

The Supreme Court granted the separate motions of the defendants County of Suffolk, LILCO, IPI, and Gibbons, for summary judgment dismissing the complaint insofar as asserted against them, finding that the record was devoid of evidence showing that the weeping willow tree and/or the utility pole was a proximate cause of the accident, and that the conclusions of the plaintiff's expert in his affidavit regarding proximate cause were speculative and insufficient to raise a triable issue of fact.

Where the moving party has established prima facie that it is entitled to summary judgment, the party opposing the motion must demonstrate the existence of a factual issue requiring a trial of the action by admissible evidence, not mere conjecture, suspicion, or speculation (see Zuckerman v City of New York, 49 NY2d 557, 562; Babino v City of New York, 234 AD2d 241). Neither the deposition testimony, nor the affidavit of the plaintiff's expert, whose opinion was based solely upon photographs of the scene and his review of the depositions, raised a triable issue of fact as to whether the defendants were liable for causing the accident (see Sorrentino v Wild, 224 AD2d 607; McSweeney v Rogan, 209 AD2d 386; Levitt v County of Suffolk, 145 AD2d 414; Snocker v Geer, 127 AD2d 587).

Speculation, grounded in theory rather than fact, is insufficient to defeat a motion for summary judgment (*see Zuckerman v City of New York, supra*).

The plaintiff's remaining contention is without merit. Smith, J.P., O'Brien, McGinity and Townes, JJ., concur.