■ ASHLEY DEUTCSH et al., Appellants, v SCOTT H. DAVIS et al., Defendants, and DONALD SALERNO, Defendant and Third-Party Plaintiff-Respondent. DONNA BOTTERIO et al., Third-Party Defendants. (And a Third-Party Action.) [750 NYS2d 84] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of (1) an order of the Supreme Court, Suffolk County (Floyd, J.), dated May 21, 2001, as granted the motion of the defendant Donald Salerno for summary judgment dismissing the complaint insofar as asserted against him, and (2) a judgment of the same court, entered July 25, 2001, as dismissed the complaint insofar as asserted against that defendant.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law, the motion is denied, the order is modified accordingly, and the complaint insofar as asserted against the defendant Donald Salerno and the third-party complaint against the third-party defendant Donna Botterio are reinstated; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of a judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

As she left the driveway of property owned by the defendant Donald Salerno and walked into the adjoining street, the infant plaintiff allegedly sustained serious injuries when she was struck by a vehicle driven by the defendant Scott Davis. Davis allegedly stated that he did not see the infant plaintiff because hedges on Salerno's property blocked his view of her. The infant plaintiff's parents brought the instant action against, among others, Salerno, alleging that he was negligent, inter alia, in allowing the hedges to obstruct the view of the intersection of his driveway and the adjoining street to approaching vehicles and pedestrians. Salerno moved for summary judgment dismissing the complaint insofar as asserted against him on

the ground that he owed no duty to the infant plaintiff to control the vegetation on his premises. In opposition to his motion, the plaintiffs asserted that Salerno had violated Town of Islip Code §§ 68-404 and 68-405 by permitting hedges along his driveway to grow in excess of three feet, thereby creating a visual obstruction to a motorist's view. The Supreme Court granted Salerno's motion and dismissed the complaint insofar as asserted against him. We reverse.

While "there is no common-law duty of a landowner to control the vegetation on his or her property for the benefit of users of a public highway" (*Ingenito v Robert M. Rosen, P.C.,* 187 AD2d 487, 488; *see Kolkmeyer v Westhampton Taxi & Limo Serv.,* 261 AD2d 587, 588; *Weitz v McMahon,* 252 AD2d 581), "the ordinance in question imposes a duty on [Salerno] that may give rise to tort liability for damages proximately caused by its violation" (*McSweeney v Rogan,* 209 AD2d 386, 387; *see Perlak v Sollin,* 291 AD2d 540, 541; *Woznick v Santora,* 184 AD2d 692, 693). Triable issues of fact exist as to whether Salerno violated the ordinance at issue and, if so, whether such violation was a proximate cause of the accident (*see Perlak v Sollin, supra; McSweeney v Rogan, supra; Woznick v Santora, supra*). We note that the Supreme Court's reliance on dicta in *Kolkmeyer v Westhampton Taxi & Limo Serv. (supra)* is misplaced, since the plaintiffs do not claim that Salerno violated Highway Law § 319, which is inapplicable to an obstruction consisting of only hedges.

In light of this result, the third-party complaint against the third-party defendant Donna Botterio should be reinstated. S. Miller, J.P., Friedmann, Crane and Rivera, JJ., concur.