(April 11, 2006)

Rosa Agostino et al., Plaintiffs, v Michael Masi, Defendant. (Action No. 1.) Rosa Agostino et al., Respondents, v Puthanmadon Vydianathan et al., Appellants. (Action No. 2.) [813 NYS2d 491]—

In related actions to recover damages for personal injuries, etc., the defendants in action No. 2 appeal from an order of the Supreme Court, Nassau County (Brandveen, J.), dated September 20, 2005, which denied their motion for summary judgment dismissing the complaint in action No. 2.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint in action No. 2 is dismissed.

On July 8, 2000 at the intersection of Searingtown Road and I.U. Willets Road in the Town of North Hempstead, an automobile operated by the plaintiff's decedent, Felice Agostino, collided with a pickup truck owned and operated by Michael Masi, the defendant in action No. 1. At the time of the accident, the appellants were the owners of the house and lot located on the southeast corner of the subject intersection. The plaintiff alleged that certain bushes or trees on the front and side of the appellants' property adjacent to the sidewalk obscured the driv-

ers' vision at the intersection, thereby contributing to the cause of the accident. The Supreme Court denied the appellants' motion for summary judgment on the ground that a triable issue of fact existed as to whether the appellants' bushes were a proximate cause of the accident. We reverse and grant summary judgment to the appellants.

The appellants had no common-law or statutory duty to trim the foliage located on their property so as to enhance the visibility at the intersection (*see Szela v Courtier,* 278 AD2d 485 [2000]). Additionally, the appellants established a prima facie case that they were not in violation of the Town of North Hempstead Code § 70-203 (B). In response thereto, the plaintiffs failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]).

In light of this determination, we need not reach the parties' remaining contentions. Florio, J.P., Santucci, Goldstein and Skelos, JJ., concur.