Eric Lubitz, Respondent-Appellant, v Village of Scarsdale et al., Appellants, and David S. Trister et al., Respondents. [819 NYS2d 92]—

In an action to recover damages for personal injuries, the defendants Village of Scarsdale and Nicola Petringa separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Westchester County (Donovan, J.), dated August 26, 2004, as denied their respective motions for summary judgment dismissing the complaint insofar as asserted against them, and the plaintiff separately appeals, as limited by his brief, from so much of the same order as granted the motion of the defendants David S. Trister and Tricull Industries, Inc., for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from by the defendants Village of Scarsdale and Nicola Petringa, on the law, the respective motions of the Village of Scarsdale and Nicola Petringa for summary judgment dismissing the complaint insofar as asserted against them are granted, and the complaint is dismissed in its entirety; and it is further,

Ordered that the order is affirmed insofar as appealed from by the plaintiff; and it is further,

Ordered that one bill of costs is awarded to the defendants appearing separately and filing separate briefs.

As the plaintiff was making a left turn from Grand Park Avenue onto Griffen Avenue in the Village of Scarsdale, his vehicle was struck by a sports utility vehicle (hereinafter an SUV) traveling on Griffen Avenue, which was owned by the defendant Tricull Industries, Inc. (hereinafter Tricull), and driven by the defendant David Trister. Grand Park Avenue is controlled by a stop sign at the intersection. The defendant Nicola Petringa owns property located on the corner of Grand Park Avenue and Griffen Avenue.

The plaintiff alleged in the complaint that Trister was negligent in causing the accident, and that bushes and vegetation on Petringa's property had obstructed the plaintiff's view of Griffen Avenue in violation of Village of Scarsdale Code § 294-1 (A). That provision states, in relevant part, that vegetation "located on any land at or near any corner or any curve on any street within the limits of the village" will not be permitted "if it obstructs or interferes with the view of drivers of vehicles at a point more than [30] inches above the street level and within [75] feet from either side of the point of intersection of two . . . streets . . . and if, in the opinion of the Village Manager, after consulting with the Police Department, it creates a traffic hazard." The plaintiff also alleged that the defendant Village of Scarsdale was negligent in failing to enforce that section of its code. All of the defendants moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted the motion of Trister and Tricull, but denied the separate motions of the Village and Petringa.

The defendants Trister and Tricull established their prima facie entitlement to summary judgment by tendering evidence demonstrating that the plaintiff was negligent as a matter of law in failing to yield the right-of-way at the intersection (see *Odumbo v Perera*, 27 AD3d 709 [2006]; *Willis v Fink*, 7 AD3d 519, 520 [2004]) and in failing to see the SUV, which by proper use of his senses he should have seen (see *Bongiovi v Hoffman*, 18 AD3d 686, 687 [2005]; *Ferrara v Castro*, 283 AD2d 392, 393 [2001]; *Bolta v Lohan*, 242 AD2d 356 [1997]), and that Trister, who had the right of way, was entitled to anticipate that the plaintiff would obey traffic laws requiring him to yield (see *Agin v Rehfeldt*, 284 AD2d 352, 353 [2001]; *Cenovski v Lee*, 266 AD2d 424 [1999]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted summary judgment as to those defendants.

The Supreme Court erred, however, in denying summary judgment to the remaining defendants. A homeowner such as Petringa has no common-law duty to prevent vegetation growing on his or her property from creating a visual obstruction to users of a public roadway (*see Agostino v Masi,* 28 AD3d 501 [2006]; *Deutcsh v Davis,* 298 AD2d 487, 488 [2002]; *Szela v Courtier,* 278 AD2d 485, 485-486 [2000]; *Kolkmeyer v Westhampton Taxi & Limo Serv.,* 261 AD2d 587, 588 [1999]; *Weitz v McMahon,* 252 AD2d 581 [1998]; *Krotz v CSX Corp.,* 115 AD2d 310 [1985]). Nevertheless, where a specific regulatory provision, such as Village of Scarsdale Code § 294-1 (A), imposes upon property owners a duty to prevent vegetation from visually obstructing the roadway, proof of noncompliance with the regulatory provision may give rise to tort liability for any damages proximately caused thereby (*see Deutcsh v Davis, supra;* *Perlak v Sollin,* 291 AD2d 540 [2002]; *McSweeney v Rogan,* 209 AD2d 386, 387 [1994]; *Barnes v Stone-Quinn,* 195 AD2d 12, 14-15 [1993]). In this case, however, Petringa established his prima facie entitlement to judgment as a matter of law by showing that he was not in violation of Village of Scarsdale Code § 294-1 (A), and the plaintiff, in opposition, failed to raise a triable issue of fact (*see Agostino v Masi, supra;* *Szela v Courtier, supra*).

The Village also was entitled to summary judgment. "Absent a special relationship creating a municipal duty to exercise care for the benefit of a particular class of individuals, no liability may be imposed upon a municipality for failure to enforce a statute or regulation" (*Sanchez v Village of Liberty,* 42 NY2d 876, 877-878 [1977]; *see O'Connor v City of New York,* 58 NY2d 184, 189 [1983]). Here, the Village established its prima facie entitlement to judgment as a matter of law, and the plaintiff failed to raise any issue of fact as to the existence of a "special relationship." Accordingly, the Village's motion should have been granted (*see Metcalfe v Town of Islip,* 225 AD2d 744 [1996]). Florio, J.P., Crane, Ritter and Fisher, JJ., concur.