■ ADELE CIGNARELLA et al., Respondents, v ANJOE-A.J. MARKET, INC., Doing Business as MET FOODMARKETS, et al., Appellants. [890 NYS2d 542]—

Plaintiff allegedly sustained personal injuries in July 2005 when she tripped and fell at a local supermarket. She alleged that her foot got caught in a plastic or nylon looped tie wrap, used by defendants to secure newspapers, which was laying on the concrete sidewalk inside the shopping cart security barrier, immediately adjacent to the customer entrance. Plaintiff fell to the ground, fractured her left shoulder, and tore her rotator cuff.

Based on deposition testimony that this debris was clearly visible at the time plaintiff fell, defendants have not established entitlement to summary judgment as a matter of law. Even if routine maintenance "procedures" were being followed on the date of the accident, simply walking around the supermarket looking for hazardous conditions, without more, would not adequately establish precisely when the area of the accident was last inspected or cleaned (*see Porco v Marshalls Dept. Stores*, 30 AD3d 284 [2006]; *Deluna-Cole v Tonali, Inc.*, 303 AD2d 186 [2003]).

Even assuming that defendants cleaned or inspected the area on a regular basis prior to the accident, plaintiffs established, through the testimony of their nonparty witness, a triable issue of fact as to whether an ongoing and recurring dangerous condition existed in the area that was routinely left unaddressed by defendants. Under such circumstances, defendants' testimony that if the sidewalk was dirty, the assistant store manager would send someone to clean it, "did no more than confirm the existence of a question of fact as to the ongoing condition" of the entranceway (*O'Connor-Miele v Barhite & Holzinger*, 234 AD2d 106, 107 [1996]). Concur—Gonzalez, P.J., Mazzarelli, Nardelli, Acosta and Román, JJ.