■ TAMARA VARDANIAN, Respondent, v MATTHEW MORELLI et al., Appellants, and EUGENE PROHASKE, Respondent. [901 NYS2d 106]—

In an action to recover damages for personal injuries, the defendants Matthew Morelli and Donna Morelli appeal from an order of the Supreme Court, Suffolk County (Molia, J.), dated June 2, 2008, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) and granted the cross motion of the defendant Eugene Prohaske for summary judgment dismissing the complaint and the cross claim insofar as asserted against him.

Ordered that the appeal from so much of the order as granted that branch of the cross motion of the defendant Eugene Prohaske which was for summary judgment dismissing the complaint insofar as asserted against him is dismissed, as the appellants are not aggrieved by that portion of the order (*see* CPLR 5511); and it is further,

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the cross motion of the defendant Eugene Prohaske which was for summary judgment dismissing the cross claim asserted by the appellants against him and substituting therefor a provision denying that branch of the cross motion, and (2) by adding a provision thereto converting the cross claim asserted against the defendant Eugene Prohaske into a third-party claim; as so modified, the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the appellants,

payable by the defendant Eugene Prohaske, and one bill of costs is awarded to the plaintiff, payable by the appellants.

On the afternoon of March 24, 2005, at the intersection of Darrow Lane and Danville Drive in the Town of Huntington, a motor vehicle owned by the defendant Donna Morelli and driven by the defendant Matthew Morelli (hereinafter together the Morellis) collided with a motor vehicle operated by the plaintiff, allegedly causing her to sustain a serious injury (*see* Insurance Law § 5102 [d]). The plaintiff asserted claims against the Morellis, essentially on the ground that Matthew Morelli, while traveling on Danville Drive, failed to stop at a stop sign and proceeded into the intersection, colliding with her vehicle, which had the right of way. The plaintiff also asserted a claim against the defendant Eugene Prohaske, the owner of property at the intersection, alleging that vegetation on his property obscured Matthew Morelli's view of traffic on Darrow Lane. Several witnesses, including the plaintiff and a motorist who was not involved in the collision, testified at their depositions that Matthew Morelli did not stop at the stop sign. Matthew Morelli testified at his depositions that he did stop at the stop sign and proceeded slowly into the intersection, but that his view of the plaintiff's approaching vehicle was obscured by vegetation on Prohaske's property.

The Morellis moved, and Prohaske cross-moved, for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and also on the ground that they were not negligent. In their opposition to Prohaske's cross motion, the Morellis cited the Town Code of the Town of Huntington § 156-45 (B), which provides, in pertinent part, that "[i]t shall be unlawful for any person . . . who owns or occupies a parcel of land to cause, suffer, permit and/or maintain any one of the following conditions . . . Overhanging natural growth which forms a visual obstruction to motorists or pedestrians utilizing any highway, roadway, or street for ingress or egress" (Town Code of the Town of Huntington § 156-45; *cf. Lubitz v Village of Scarsdale*, 31 AD3d 618 [2006]). The Supreme Court denied the Morellis' motion, but granted Prohaske's cross motion, finding that, although there was a triable issue of fact as to whether the plaintiff sustained a serious injury as a result of the subject accident, there was no evidence that Prohaske violated the cited provision of the Town Code of the Town of Huntington. We modify.

The Morellis failed to establish, prima facie, that the plaintiff

did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Powell v Prego*, 59 AD3d 417 [2009]). The papers submitted by the Morellis in support of their motion, upon which Prohaske also relied, did not affirmatively establish that the plaintiff did not sustain a serious injury (*see Powell v Prego*, 59 AD3d at 418-419). Therefore, the Supreme Court properly denied the Morellis' motion for summary judgment dismissing the complaint insofar as asserted against them.

The Supreme Court erred, however, in granting that branch of Prohaske's cross motion which was for summary judgment dismissing the cross claim asserted by the Morellis against him on the ground that there was no evidence that he had violated Town Code of the Town of Huntington § 156-45 (B). As the proponent of the motion, Prohaske bore the burden of establishing, prima facie, that there was no "[o]verhanging natural growth which form[ed] a visual obstruction to motorists" or that such violation was not a proximate cause of the accident (Town Code of the Town of Huntington § 156-45; *cf. Lubitz v Village of Scarsdale*, 31 AD3d at 620). Prohaske failed to present evidence sufficient to meet his prima facie burden (*cf. Lubitz v Village of Scarsdale*, 31 AD3d at 620). Consequently, that branch of Prohaske's cross motion which was for summary judgment dismissing the cross claim asserted against him should have been denied and the cross claim should have been converted to a third-party claim (*see Nelson v Chelsea GCA Realty, Inc.*, 18 AD3d 838, 839 [2005]). Fisher, J.P., Miller, Angiolillo and Hall, JJ., concur. **[Prior Case History: 2008 NY Slip Op 31628(U).]**