■ MARIE A. SAINT PREUX, Appellant, v HAROLD B. DENNIS, JR., et al., Respondents. [983 NYS2d 843]—

In an action, inter alia, to recover damages for personal injuries and wrongful death, etc., the plaintiff appeals from an order of the Supreme Court, Rockland County (Alfieri, J.), dated June 25, 2012, which granted the separate motions of the defendant 191 West Associates, LLC, and the defendants Chevra Agudas Achin and West Clarkstown Jewish Center for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

On September 30, 2008, the defendant Harold B. Dennis, Jr., was turning left out of the driveway of his apartment building at 193 West Clarkstown Road, when the plaintiff's decedent, coming from Dennis' left on a motorcycle along West Clarkstown Road, struck Dennis' vehicle and was killed. The complaint alleges, in relevant part, that the defendant 191 West Associates, LLC (hereinafter Associates), the owner of 193 West Clarkstown Road, and the defendants West Clarkstown Jewish Center and Chevra Agudas Achim (hereinafter together the Center defendants), the owners of the property adjacent to 193 West Clarkstown Road, negligently permitted trees and shrubs on their properties to obstruct the sight distances of both the decedent and Dennis, in violation of certain Town of Clarkstown ordinances.

A property owner has no common-law duty to prevent vegetation growing on its property from creating a visual obstruction to users of a public roadway (see Lubitz v Village of Scarsdale, 31 AD3d 618, 620 [2006]; Agostino v Masi, 28 AD3d 501, 502 [2006]). Although such a duty may be imposed by a specific regulatory provision (see Lubitz v Village of Scarsdale, 31 AD3d at 620), the ordinances which Associates and the Center defendants allegedly violated, Code of the Town of Clarkstown §§ 216-4 and 250-6, were not intended to protect motorists from the hazards of vegetation which obstruct views at intersections of streets and driveways (see Wheeler v Buxton Indus. Equip. Co., 292 AD2d 521, 523 [2002]; cf. Deutcsh v Davis, 298 AD2d 487 [2002]). Accordingly, alleged noncompliance with the subject ordinances may not give rise to tort liability (see Wheeler v Buxton Indus. Equip. Co., 292 AD2d at 523).

The plaintiff's remaining contentions are without merit.

Accordingly, the separate motions of Associates and the Center defendants for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them were properly granted. Rivera, J.P., Leventhal, Hinds-Radix and Maltese, JJ., concur.