■ YVETTE HAWTHORNE-KING, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [10 NYS3d 32]—

Order, Supreme Court, New York County (Ellen M. Coin, J.), entered on or about February 20, 2014, which granted defendant New York City Housing Authority's (NYCHA) motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.

Plaintiff alleges that she slipped and fell on exterior steps of

a building owned by defendant NYCHA, when she used her foot to swipe aside a potato chip bag on one step, and then slipped on an oily substance underneath the bag.

NYCHA failed to meet its prima facie burden to show that its employees did not have constructive notice of the alleged condition. NYCHA's witness, the supervisor of caretakers, testified only as to a general cleaning routine, which did not indicate when the exterior stairs had last been cleaned or inspected prior to the accident. The caretaker who would have inspected and cleaned the building on the day of the accident did not testify or submit an affidavit (*see Rodriguez v Board of Educ. of the City of N.Y.*, 107 AD3d 651, 651-652 [1st Dept 2013]; *Rodriguez v Bronx Zoo Rest., Inc.*, 110 AD3d 412, 412 [1st Dept 2013]; *Guerrero v Duane Reade, Inc.*, 112 AD3d 496 [1st Dept 2013]). The documentary evidence submitted by NYCHA also did not establish the agency's lack of constructive notice of the alleged defect, because those records only indicated that a caretaker went up the stairs and that caretakers were working "on steps—'A' side" about an hour and a half after plaintiff's accident, and there is no evidence that the entries referred to the accident location itself (*see Matias v Rebecca's Bakery Corp.*, 44 AD3d 429 [1st Dept 2007]).

Assuming that NYCHA met its burden of demonstrating that its employees did not create the wet or greasy condition on the steps, plaintiff raised an issue of fact through her testimony and the affidavit of her daughter, who both stated that they had seen NYCHA employees pouring liquid from buckets down the subject stairs after cleaning the building's interior on previous occasions. Further, plaintiff's daughter averred that she was with plaintiff when she fell, and saw that the stairs were wet and that the liquid on the stairs had the same consistency and smell as the liquid that the building's porters used to clean the interior stairs. This is sufficient to raise an issue of fact as to whether NYCHA's employees caused and created the greasy condition (*see Grossman v Amalgamated Hous. Corp.*, 298 AD2d 224, 226 [1st Dept 2002]).

Contrary to NYCHA's contention, plaintiff's testimony does not establish that her conduct is the sole proximate cause of the accident. To the extent that plaintiff may have contributed to the accident by swiping the potato chip bag with her foot, rather than walking around it, the issues of contributory negligence and proximate cause are questions of fact for the jury to decide (*see Permuy v City of New York*, 156 AD2d 174, 176-177 [1st Dept 1989]). Concur—Mazzarelli, J.P., Acosta, Saxe, Manzanet-Daniels and Clark, JJ.