■ TYRONE COVINGTON, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [24 NYS3d 273]—

Order, Supreme Court, New York County (Richard F. Braun, J.), entered on or about October 15, 2014, which denied defendant's (NYCHA) motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

NYCHA failed to establish prima facie that it did not have constructive notice of the urine condition in its building's stairwell that caused plaintiff's accident. Its supervisor of caretakers stated that the caretaker assigned to the building conducted a "walk down" of the building on the morning of the accident in adherence to a routine cleaning schedule. However, NYCHA submitted no deposition testimony or affidavit by the caretaker himself stating that he followed the cleaning schedule that day and setting forth what he observed during the "walk down" (*see Hawthorne-King v New York City Hous. Auth.*, 128 AD3d 539 [1st Dept 2015]; *Gautier v 941 Intervale Realty LLC*, 108 AD3d 481 [1st Dept 2013]). Plaintiff's deposition testimony that he did not notice the condition when he used the stairs earlier on the morning of the accident does not definitively establish NYCHA's lack of notice (*Wade-Westbrooke v Eshaghian*, 21 AD3d 817 [1st Dept 2005]).

In any event, plaintiff raised a triable issue of fact by submitting affidavits by three tenants stating that the urine condition was a recurring condition that NYCHA has failed to take reasonable measures to address, despite their repeated complaints (*see Hill v Lambert Houses Redevelopment Co.*, 105 AD3d 642 [1st Dept 2013]; *Cignarella v Anjoe-A.J. Mkt., Inc.*, 68 AD3d 560 [1st Dept 2009]).

We have reviewed NYCHA's remaining contentions and find them unavailing. Concur—Tom, J.P., Sweeny, Gische and Kapnick, JJ.