Charles v Brookfield Props. OLP Co. LLC (2018 NY Slip Op 02710)





Charles v Brookfield Props. OLP Co. LLC


2018 NY Slip Op 02710


Decided on April 19, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 19, 2018

Acosta, P.J., Manzanet-Daniels, Tom, Oing, Singh, JJ.


6326 154687/14

[*1]Alberto Charles, Plaintiff-Respondent,
v
Brookfield Properties OLP Co. LLC, Defendant-Appellant.
Brookfield Properties OLP Co. LLC, Third-Party Plaintiff-Appellant,
v
Harvard Maintenance Inc., Third-Party Defendant-Respondent.


McManus Ateshoglou Adams Aiello & Apostolakos PLLC, New York (Christopher D. Skoczen of counsel), for appellant.
Pellegrini & Associates, LLC, New York (Frank L. Pellegrini of counsel), for Alberto Charles, respondent.
Ryan, Brennan & Donnelly LLP, Floral Park (John O. Brennan of counsel), for Harvard Maintenance Inc., respondent.



Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered July 10, 2017, which denied the motion of defendant/third-party plaintiff Brookfield Properties OLP Co. LLC (Brookfield) for summary judgment dismissing the complaint, and granted the motion of third-party defendant for summary judgment dismissing the third-party complaint, unanimously affirmed, without costs.
Brookfield failed to establish that it did not have constructive notice of the dangerous condition that caused plaintiff to slip and fall. Although Brookfield submitted testimony showing that the restroom where plaintiff's alleged accident occurred was routinely cleaned on Friday nights between 9:30 p.m. and 12:00 a.m., it failed to present evidence showing that the restroom remained in a clean condition on the following Monday morning (see Covington v New York City Hous. Auth., 135 AD3d 665 [1st Dept 2016]; Hawthorne-King v New York City Hous. Auth., 128 AD3d 539 [1st Dept 2015]).
Dismissal of the third party complaint was proper, as the motion was unopposed. To the extent Brookfield argues otherwise on appeal, its arguments are raised for the first time before this Court and are unpreserved (see Gonzalez v New York City Health & Hosps. Corp., 29 AD3d 369, 370 [1st Dept 2006]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 19, 2018
CLERK