Elrefaey v City Cadillac-Buick-GMC, Inc. (2020 NY Slip Op 51111(U))

[*1]

Elrefaey v City Cadillac-Buick-GMC, Inc.

2020 NY Slip Op 51111(U) [69 Misc 3d 126(A)]

Decided on September 4, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 4, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., THOMAS P. ALIOTTA, BERNICE D.
SIEGAL, JJ

2018-1795 K C

Youssef Elrefaey, Appellant, 
against
City Cadillac-Buick-GMC, Inc., Respondent.

Youssef Elrefaey, appellant pro se.
The Muhlstock Law Firm, for respondent (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Lizette
Colon, J.), entered March 5, 2018. The judgment, after a nonjury trial, dismissed the
complaint.

ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this action to recover the principal sum of $12,000, alleging that
defendant had failed to complete certain repair work on plaintiff's vehicle in a timely manner.
After a nonjury trial, the Civil Court dismissed the complaint, finding that plaintiff had failed to
make out a prima facie case.
In reviewing a determination made after a nonjury trial, the power of this court is as broad as
that of the trial court, and this court may render the judgment it finds warranted by the facts,
bearing in mind that the determination of a trier of fact as to issues of credibility is given
substantial deference, as a trial court's opportunity to observe and evaluate the testimony and
demeanor of the witnesses affords it a better perspective from which to assess their credibility
(see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492,
499 [1983]; Hamilton v Blackwood,
85 AD3d 1116 [2011]; Zeltser v
Sacerdote, 52 AD3d 824, 826 [2008]). As the record supports the Civil Court's
determination that plaintiff failed to make out a prima facie case, we find no reason to disturb the
judgment. We note that we do not consider those contentions that are raised for the first time on
appeal (see Chery v Richards, 64
Misc 3d 148[A], 2019 NY Slip Op 51403[U] [App Term, 2d Dept, 9th & 10th Jud
Dists 2019]).
Accordingly, the judgment is affirmed.
WESTON, J.P., ALIOTTA and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 4, 2020