Big Apple Ortho Prods., Inc. v MTA Bus Co. (2020 NY Slip Op 51112(U))

[*1]

Big Apple Ortho Prods., Inc. v MTA Bus Co.

2020 NY Slip Op 51112(U) [69 Misc 3d 126(A)]

Decided on September 4, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 4, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., DAVID ELLIOT, BERNICE D. SIEGAL, JJ

2018-1841 K C

Big Apple Ortho Products, Inc., as Assignee
of Hocutt, Salina, Respondent, 
against
MTA Bus Company, Defendant, New York City Transit Authority,
Nonparty-Appellant. 

Jones Jones, LLP (Agnes Neiger of counsel), for nonparty-appellant.
The Rybak Firm, PLLC (Damin J. Toell of counsel), for respondent.

Appeal from an amended order of the Civil Court of the City of New York, Kings County
(Michael Gerstein, J.), entered August 9, 2018. The amended order, insofar as appealed from,
denied the branches of a motion by New York City Transit Authority seeking (1) to vacate so
much of an order of that court (Theresa M. Ciccotto, J.) entered January 12, 2017 as granted the
branch of plaintiff's prior unopposed motion seeking to amend the caption to add New York City
Transit Authority as defendant, or, (2) in the alternative, upon the granting of the branch of New
York City Transit Authority's motion seeking to compel plaintiff to accept a late answer and
deem the answer duly served, for summary judgment dismissing the complaint.

ORDERED that the amended order entered August 9, 2018, insofar as appealed from, is
reversed, without costs, and the branch of the motion by New York City Transit Authority
seeking to vacate so much of the order entered January 12, 2017 as granted the branch of
plaintiff's prior unopposed motion seeking to amend the caption to add New York City Transit
Authority as defendant is granted and that branch of plaintiff's motion is denied; and it is
further,
ORDERED that, on the court's own motion, so much of the amended order entered August 9,
2018 as granted the branch of the motion by New York City Transit Authority seeking to compel
plaintiff to accept a late answer and deem the answer duly served is vacated and that branch of
the motion is denied as academic.
Plaintiff commenced this action to recover assigned first-party no-fault benefits and served
the summons and complaint upon MTA Bus Company, the named defendant. Plaintiff then
moved for "leave to amend the Summons and Complaint . . . to remove the named defendant
MTA Bus Company as a defendant in this action and to add New York City Transit Authority as
the herein defendant." Plaintiff also sought leave to serve an amended summons and complaint.
The motion was served by mail on New York City Transit Authority (NYCTA) on January 11,
2017 and was returnable on January 12, 2017. The motion was unopposed. By [*2]order entered January 12, 2017, the Civil Court (Theresa M.
Ciccotto, J.) granted the motion and ordered that the action against MTA Bus Company was
discontinued, that the caption was amended to name NYCTA as defendant, and that the
summons and complaint were deemed to have been served upon NYCTA.
Thereafter, NYCTA moved, pursuant to CPLR 5015 (a) (4), to vacate so much of the
January 12, 2017 order as added it as defendant, on the ground that, because plaintiff's motion
had not been properly served, the court lacked jurisdiction to issue the order deciding the motion.
NYCTA stated that it had not received the motion, which was returnable January 12, 2017, until
January 20, 2017. NYCTA moved, in the alternative, to compel plaintiff to accept a late answer
from NYCTA, to deem the answer duly served, and for summary judgment dismissing the
complaint on the ground that the notice of claim and claim forms had not been timely submitted.
Plaintiff opposed the motion. By amended order entered August 9, 2018, the Civil Court
(Michael Gerstein, J.) denied the branches of NYCTA's motion seeking to vacate the stated
portion of the January 12, 2017 order and the alternative relief seeking summary judgment
dismissing the complaint, finding that "despite lack of proper notice," the NYCTA suffered no
prejudice, and, thus, "the Court accepts Defendant's late answer."
"The failure to give a party proper notice of a motion deprives the court of jurisdiction to
entertain the motion and renders the resulting order void" (Citimortgage, Inc. v Reese,
162 AD3d 847, 848 [2018]; see Wells Fargo Bank, N.A. v Whitelock, 154 AD3d 906,
907 [2017]). In moving to add NYCTA as defendant, plaintiff failed to comply with CPLR 2214
(b), as the affidavit of service states that plaintiff served the motion papers on NYCTA by mail
on January 11, 2017, while the return date of the motion was the following day, January 12,
2017. Consequently, the Civil Court lacked jurisdiction to consider that branch of plaintiff's
motion, and the branch of NYCTA's motion seeking to vacate the stated portion of the January
12, 2017 order is granted. We leave undisturbed so much of the amended order entered August 9,
2018 as denied the branch of NYCTA's motion seeking summary judgment dismissing the
complaint, as that branch of the motion has been rendered academic. We note that plaintiff's
motion, denominated as a motion to amend the complaint, was actually a motion for leave to add
a new party, which was required to have been made on notice to the original party, MTA Bus
Company (see Testing Labs. of NY Inc. v Krainin, 124 Misc 667 [App Term, 1st Dept
1925]; 19 Carmody-Wait 2d § 19:111 at 356).
We further note that NYCTA is not aggrieved by so much of the Civil Court's amended order
entered August 9, 2018 as granted the branch of NYCTA's motion seeking to compel plaintiff to
accept a late answer and deem the answer duly served. Nevertheless, in light of our finding that
the order entered January 12, 2017 was a nullity and that, consequently, NYCTA is not a party to
this action, on the court's own motion, we vacate so much of the amended order as granted that
branch of NYCTA's motion in order to grant just and complete relief to NYCTA, and that branch
of NYCTA's motion is denied as academic (see Wheeler v Buxton Indus. Equip. Co., 292
AD2d 521, 522 [2002]; City of Mount Vernon v Mount Vernon Hous. Auth., 235 AD2d
516, 517 [1997]; Bukhatir Mackinnon Ltd. v Sarfraz, 130 AD2d 358, 362 [1987]).
Accordingly, the amended order entered August 9, 2018, insofar as appealed from, is
reversed, and the branch of the motion by New York City Transit Authority seeking to vacate so
much of the order entered January 12, 2017 as granted the branch of plaintiff's unopposed motion
[*3]seeking to amend the caption to add New York City Transit
Authority as defendant is granted and that branch of plaintiff's motion is denied. On the court's
own motion, so much of the amended order entered August 9, 2018 as granted the branch of the
motion by New York City Transit Authority seeking to compel plaintiff to accept a late answer
and deem the answer duly served is vacated and that branch of the motion is denied as
academic.
WESTON, J.P., ELLIOT and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 4, 2020