■ LINO SHOWVERER, Respondent, v ALLERTON ASSOCIATES, Appellant, et al., Defendant. [761 NYS2d 44] —Order, Supreme Court, Bronx County (Anne Targum, J.), entered January 7, 2003, which, in an action for personal injuries sustained when plaintiff stepped onto a fire escape attached to defendants' building and the fire escape collapsed, insofar as appealed from, denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

In support of their motion for summary judgment, defendants relied on the deposition testimony of their property manager, who stated that she lacked knowledge of the age or condition of the fire escape, admitted that defendants did not employ anyone to inspect the fire escape, could not say when the fire escape had been last inspected and could not say why the fire escape's landing platform suddenly collapsed under plaintiff's weight. Apparently, defendants are of the view that such testimony shows, prima facie, that they lacked constructive notice that the fire escape was in danger of collapse. However, implicit in defendants' duty to maintain the fire escape in good repair (*see e.g.* Multiple Dwelling Law § 53 [8] [b]; § 78) was a duty to make timely and adequate inspections for disrepair (*see* 85 NY Jur 2d, Premises Liability § 51). There being no showing of any such inspections, defendants failed to show lack of constructive notice as a matter of law, requiring denial of their motion regardless of the sufficiency of plaintiff's opposing papers (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]). Concur—Nardelli, J.P., Tom, Andrias, Sullivan and Friedman, JJ.