(January 8, 2008)

■ FRANK PETERS et al., Respondents, v TRAMMELL CROW COMPANY et al., Appellants, and D.P. FACILITIES, Respondent. [850 NYS2d 27]—

Order, Supreme Court, New York County (Judith J. Gische, J.), entered May 3, 2007, which denied defendants-appellants' motions and cross motion for summary judgment, unanimously modified, on the law, the motion of defendant ARI Products, Inc. and the cross motion of defendant Triangle Services, Inc. granted, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendants ARI Products, Inc. and Triangle Services, Inc. dismissing the second amended complaint and cross claims as against them.

Plaintiffs allege that in November 2002, Frank Peters, an employee of nonparty building owner HSBC, was descending an

interior stairway when the handrail broke in half, causing his fall and injury. It is undisputed that the handrail was installed as part of a renovation performed by defendant D.P. Facilities, the general contractor, and ARI Products, Inc., a subcontractor, in approximately 1992, 10 years before the accident.

Defendant property manager Trammell Crow Company failed to carry its burden of showing entitlement to judgment due to lack of notice of the dangerous condition (*see generally Strowman v Great Atl. & Pac. Tea Co.*, 252 AD2d 384, 385 [1998]) since, despite its acknowledged inspection procedure, it failed to conduct any inspection of the area where the accident occurred, including the subject handrail (*see Showverer v Allerton Assoc.*, 306 AD2d 144 [2003]).

However, Triangle Services' unambiguous contract to provide cleaning and janitorial services for the building lacked any repair or maintenance obligations that could give rise to tort liability to plaintiff (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136 [2002]), notwithstanding Triangle's provision of "engineering" services, passing mention of the word "maintain," and the professed understanding of Trammell Crow's witness to the contrary (*see Shilkoff, Inc. v 885 Third Ave. Corp.*, 299 AD2d 253, 253 [2002]). It is clear, as a matter of law, that the building's engineering and maintenance personnel, who performed repairs, were Triangle employees solely for payroll purposes, and were not under its supervision or control (*see Brunetti v City of New York*, 286 AD2d 253 [2001]).

Whether or not ARI Products installed the handrail in question, the conclusory opinion of plaintiffs' architectural expert is insufficient to raise a question of fact as to whether the handrail was improperly installed. While citing New York City Administrative Code requirements that handrails on interior stairs be designed to support certain vertical forces and loads, the expert made no showing that the handrail in question did not meet such requirements. He also provided no authority to support his assertions that "industry standards" called for installation of a one-piece, $3^1/2$-foot handrail, and that the general contractor and the installer of the handrail were obligated to reinforce the unsafe two-piece handrail at the seam (*see Buchholz v Trump 767 Fifth Ave., LLC*, 5 NY3d 1, 8-9 [2005]).

Moreover, given the uncontradicted evidence that the handrail had been twice repaired by the building's maintenance staff, once in the summer of 1997, when the anchors attaching the lower end of the handrail to the wall became dislodged and the dislodged end lay on the floor, and again in the fall of 1999, when the handrail broke in half ("Both connections were still

on the wall and it was split in half it was broken in the middle and not off the wall"), ARI's motion for summary judgment should have been granted. While questions of causation arising out of the acts of a third party that intervene between the defendant's conduct and the plaintiff's injury are generally for the fact finder to resolve, where only one conclusion may be drawn from the established facts, the question of legal cause may be decided as a matter of law (*Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]).

Thus, while there may be a question of fact as to whether ARI originally installed the handrail, there is no question that it had nothing to do with the two subsequent repairs, including the repair of the "significant" damage to the handrail after it had broken in two in 1999. The building's maintenance staff having made the repairs rather than looking to the general contractor or its subcontractor to repair or replace the broken handrail on either occasion, such repairs must be deemed, as a matter of law, to have constituted an intervening act so far removed from ARI's alleged conduct as to constitute a superseding act breaking any causal nexus (*see Derdiarian* at 315). Concur—Lippman, P.J., Mazzarelli, Andrias, Buckley and Sweeny, JJ. [*See* 2007 NY Slip Op 31031(U).]