(August 18, 2011)

■ Isuf Atashi, Appellant, v Fred-Doug 117 LLC et al., Respondents. [928 NYS2d 529]—

Plaintiff, while on duty as a security guard, tripped and fell over a large flatbed dolly as he entered a long basement corridor that led to the building's garage. According to the managing agent, tenants sometimes borrowed the dollies from building staff.

Defendants established, prima facie, that they did not create the alleged dangerous condition or have actual or constructive notice thereof.

Actual notice may be found where a defendant either created the condition, or was aware of its existence prior to the accident (*see Lewis v Metropolitan Transp. Auth.*, 99 AD2d 246, 249 [1984], *affd* 64 NY2d 670 [1984]). In order to constitute constructive notice, a defect must be visible and apparent for a sufficient length of time to permit the defendant's employees to discover and remedy it (*see Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]).

Here, dollies were used by tenants of the building and there is no evidence that defendants created the condition that allegedly caused plaintiff's accident. Whereas the court on the original motion had held that defendants failed to provide sworn testimony from a person with knowledge as to when the area was last inspected before plaintiff's fall, plaintiff's own deposition testimony established that about five hours before the accident, he did not see any objects in the corridor where he alleges he later tripped and fell. Further, since the accident occurred on a Saturday, plaintiff would have been the only employee present at the building during the time of his shift to have inspected the accident location on defendants' behalf.

In opposition, plaintiff failed to raise an issue of fact that defendants created the condition or had a reasonable opportunity to become aware of and cure the alleged defect (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Plaintiff did not produce probative evidence either as to how long the condition existed prior to the accident, or as to what personnel, apart from himself, could have learned of and/or cured the condition.

In light of the foregoing, we need not address defendants' contentions that they are entitled to summary judgment because the large dolly in the small corridor was an open and obvious condition and not inherently dangerous. Concur—Gonzalez, P.J., Tom, Andrias, Moskowitz and Freedman, JJ.