LORRAINE M. MORABITO, Respondent, v 11 PARK PLACE LLC et al., Appellants. [967 NYS2d 694]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered September 27, 2012, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

In this action for personal injuries allegedly sustained by plaintiff when she slipped on water in defendants' lobby, defendants demonstrated prima facie entitlement to judgment as a matter of law by establishing that they did not have constructive notice of the water on the floor. In support of their motion, defendants submitted plaintiff's testimony that it started raining 5 to 10 minutes before she arrived at the building and that she did not see any water on the floor before she slipped. In addition, they submitted the testimony of a building employee who stated that it started to rain moments before plaintiff fell and that as soon as he observed the rain, he requested that mats be placed on the lobby floor just moments prior to plaintiff's fall (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *see Garcia v Delgado Travel Agency*, 4 AD3d 204 [1st Dept 2004]). Defendants additional submission of an unaffirmed report from a weather reporting company, not accompanied by any certified weather records or admissible climatological reports, cannot be considered (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

In opposition, plaintiff raised a question of fact by submitting an affidavit from a nonparty witness stating that when she arrived at the building approximately 30 minutes before plaintiff's accident, "it was raining and the lobby floor was uncovered and

slippery" (see *Jones v New York City Hous. Auth.*, 293 AD2d 371 [1st Dept 2002]; *Spitzer v 2166 Bronx Park E. Corps.*, 284 AD2d 177 [1st Dept 2001]). In light of the conflicting evidence, there is an issue of fact as to the reasonableness of the steps taken by defendants to address the alleged slippery condition prior to plaintiff's accident (see *Dabbagh v Newmark Knight Frank Global Mgt. Servs., LLC*, 99 AD3d 448, 449 [1st Dept 2012]). Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Manzanet-Daniels and Gische, JJ.