■ Michael Seleman, Appellant, v Barnes & Noble, Inc., Respondent. [981 NYS2d 52]—

Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered February 13, 2013, which granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and defendant's motion denied.

Plaintiff alleges that he slipped and fell backwards on a wet and greasy substance after stepping onto a descending escalator on defendant's premises. In response to these allegations, defendant made a prima facie showing of its entitlement to judgment as a matter of law. Specifically, defendant submitted, among other things, an expert affidavit purporting to show that the manner in which plaintiff allegedly fell was not physically possible, because both the tread and riser configuration of the escalator steps prevent a slippery surface (*see Santoni v Bertelsmann Prop., Inc.*, 21 AD3d 712 [1st Dept 2005]). The expert further stated the treads' coefficient of friction, either wet or dry, exceeded the applicable standard for slip resistance (*see Ridolfi v Williams*, 49 AD3d 295 [1st Dept 2008]; *compare Friedman v BHL Realty Corp.*, 83 AD3d 510 [1st Dept 2011]).

However, in response, plaintiff raised a triable issue of fact to rebut defendant's prima facie showing. Plaintiff stated in his affidavit and his deposition testimony that he saw water on the marble floor near the escalator and that the escalator felt slippery and greasy as he stepped onto it. In addition, a nonparty witness averred that she saw a wet and slippery condition on the escalator about 45 minutes to an hour before the accident, and that as a result, she decided to take the stairs rather than use the escalator (*see Morabito v 11 Park Place LLC*, 107 AD3d 472 [1st Dept 2013]; *Spitzer v 2166 Bronx Park E. Corps.*, 284 AD2d 177 [1st Dept 2001]). This evidence was sufficient to establish defendant's constructive notice of the specific wet condition that allegedly caused plaintiff's fall (*see Jones v New York City Hous. Auth.*, 293 AD2d 371 [1st Dept 2002]). Concur—Mazzarelli, J.P., Acosta, Saxe and Moskowitz, JJ.