■ JOHN LOMBARDI et al., Respondents, v PARTNERSHIP 92 WEST, L.P., et al., Appellants. [12 NYS3d 36]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered April 10, 2014, which, to the extent appealed from as limited by the briefs, denied defendants' motion for summary judgment insofar as it sought dismissal of the negligence and loss of consortium causes of action, unanimously affirmed, without costs.

Plaintiff Lombardi alleges that the drop-down ladder on defendants' fire escape malfunctioned as he was descending to the street, causing his foot to be trapped and injuring him. Defendants failed to make a prima facie showing of the absence of any defect in the fire escape, or that they lacked constructive notice of the alleged defect. Their manager and superintendent testified that they did not service or test the fire escape prior to plaintiff's accident, and defendants did not produce any inspection reports (see Del Carmen Cuaya Coyotl v 2504 BPE Realty LLC, 114 AD3d 620 [1st Dept 2014]). Since defendants made no showing of inspections of the fire escape before the accident, they "failed to show lack of constructive notice as a matter of law, requiring denial of their motion regardless of the sufficiency of plaintiff's opposing papers" (Showverer v Allerton Assoc., 306 AD2d 144, 144 [1st Dept 2003]).

Defendants' contention that plaintiff's use of the fire escape to exit an apartment in a nonemergency situation was unforeseeable and unreasonable presents issues of fact for the jury (see Lesocovich v 180 Madison Ave. Corp., 81 NY2d 982 [1993]). Concur—Gonzalez, P.J., Tom, Friedman and Kapnick, JJ.