# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**924**

**CA 16-00223**

PRESENT: PERADOTTO, J.P., LINDLEY, NEMOYER, AND SCUDDER, JJ.

---

DARYL A. HANIFAN, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

COR DEVELOPMENT COMPANY, LLC AND LAWN
TECH, INC., DEFENDANTS-APPELLANTS.

---

OSBORN, REED & BURKE, LLP, ROCHESTER (L. DAMIEN COSTANZA OF COUNSEL),
FOR DEFENDANTS-APPELLANTS.

DARYL A. HANIFAN, PLAINTIFF-RESPONDENT PRO SE.

-------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Onondaga County
(Anthony J. Paris, J.), entered April 27, 2015.  The order, insofar as
appealed from, denied that part of the motion of defendants for
summary judgment dismissing the complaint.

It is hereby ORDERED that the order insofar as appealed from is
unanimously reversed on the law without costs, the motion is granted
in part and the complaint is dismissed.

Memorandum:  Plaintiff commenced this action seeking damages for
injuries she sustained when she slipped and fell on ice underneath
snow in a parking lot owned by defendant COR Development Company, LLC
and maintained pursuant to a snow removal contract by defendant Lawn
Tech, Inc.  Defendants, as limited by their brief on appeal, contend
that Supreme Court erred in denying their motion insofar as they
sought summary judgment dismissing the complaint.  We agree.

It is undisputed that defendants met their initial burden on the
motion "by establishing that a storm was in progress at the time of
the accident and, thus, that they had no duty to remove the snow and
ice until a reasonable time ha[d] elapsed after cessation of the
storm" (*Gilbert v Tonawanda City Sch. Dist.*, 124 AD3d 1326, 1327
[internal quotation marks omitted]).  In opposition, plaintiff failed
to raise a triable issue of fact " 'whether the accident was caused by
a slippery condition at the location where [she] fell that existed
prior to the storm, as opposed to precipitation from the storm in
progress, and that the defendant[s] had actual or constructive notice
of the preexisting condition' " (*Quill v Churchville-Chili Cent. Sch.
Dist.*, 114 AD3d 1211, 1212).  Even assuming, arguendo, that plaintiff
was entitled to rely upon the theory that the icy condition formed
prior to the storm upon the melting and refreezing of snow piles
created by defendants' plowing practices (*cf. Scanlon v Stuyvesant*

*Plaza*, 195 AD2d 854, 855-856), we conclude that plaintiff's assertion is based on mere speculation and thus is insufficient to raise an issue of fact (*see Lima v Village of Garden City*, 131 AD3d 947, 948-949; *Baia v Allright Parking Buffalo, Inc.*, 27 AD3d 1153, 1154). Indeed, in surmising that there must have been snow piles throughout the parking lot from prior accumulations, plaintiff relied upon inadmissible printouts from a weather data website (*see Morabito v 11 Park Place LLC*, 107 AD3d 472, 472), as well as defendants' general practices regarding snow removal as set forth in their contract (*see Nadel v Cucinella*, 299 AD2d 250, 252). The record is devoid of competent evidence that any such snow piles existed or, more specifically, that a pile of snow was located near the area of the parking lot where plaintiff fell that had melted and had then refrozen prior to the storm, resulting in the icy condition that caused plaintiff's accident (*see Harvey v Laz Parking Ltd, LLC*, 128 AD3d 1203, 1205; *Perales v First Columbia 1200 NSR, LLC*, 88 AD3d 1213, 1215). Finally, to the extent that plaintiff contends that defendants' snow removal efforts created the hazardous condition because they did not properly care for the area where she fell even though they had treated other areas of the parking lot during the storm, we note that it is well settled that " '[t]he mere failure to remove *all* snow and ice from a . . . parking lot does not constitute negligence' and does not constitute creation of a hazard" (*Wheeler v Grande'Vie Senior Living Community*, 31 AD3d 992, 992-993; *see Glover v Botsford*, 109 AD3d 1182, 1184).

Entered:  November 10, 2016                    Frances E. Cafarell
                                               Clerk of the Court