Young v 1530 Rosedale Partners, LLC (2022 NY Slip Op 05970)

Young v 1530 Rosedale Partners, LLC

2022 NY Slip Op 05970

Decided on October 25, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 25, 2022

Before: Webber, J.P., Singh, Moulton, González, Pitt, JJ. 

Index No. 30914/18E Appeal No. 16520 Case No. 2021-03840 

[*1]Juanita Young, Plaintiff-Respondent,
v
1530 Rosedale Partners, LLC, Defendant-Appellant, Daniel Yadegar, et al., Defendants. (And a Third-Party Actions.)

Stonberg Moran, LLP, New York (Rebecca Miller of counsel), for appellant.
Burns & Harris, New York (Mariel Crippen of counsel), for respondent.

Order, Supreme Court, Bronx County (Adrian Armstrong, J.), entered on or about June 24, 2021, which, to the extent appealed from, granted plaintiff's motion for summary judgment on liability against defendant 1530 Rosendale Partners, LLC, unanimously affirmed, without costs.
Plaintiff established that Rosedale had constructive notice of the broken stairway handrail that caused her injury, as the deposition testimony from nonparty witnesses shows that the bottom of the handrail broke off about a few weeks before plaintiff fell and was never repaired (see Seleman v Barnes & Noble, Inc., 114 AD3d 566, 567 [1st Dept 2014]; Corrales v Reckson Assoc. Realty Corp., 55 AD3d 469, 470-471 [1st Dept 2008]). Moreover, plaintiff's deposition testimony that she herself did not realize the handrail was broken when she went up the stairway the day before the accident does not establish that Rosedale lacked notice of the hazardous condition (see Covington v New York City Hous. Auth., 135 AD3d 665, 666 [1st Dept 2016]). Furthermore, through her submission of deposition testimony by defendant Atin Batra, Rosedale's managing member, and third-party defendant Richard Delgado, Jr., the handyman at the premises, plaintiff established that Rosedale violated its duty to maintain the handrail in good repair, as Batra and Delgado both testified that Rosedale conducted no regular inspection of the handrail and that the stairway had not been inspected for about a year before the accident (see Multiple Dwelling Law § 78[1]; Showverer v Allerton Assoc., 306 AD2d 144, 144 [1st Dept 2003]).
In opposition, Rosedale failed to raise a triable issue of fact as to whether it lacked constructive notice that the handrail was broken. Although, Batra and Delgado testified that about eight months before plaintiff's accident, she complained that the handrail was loose and Delgado repaired it the next day, they also could not recall precisely when the repair was made. Nor did they know when the handrail was last inspected before plaintiff fell, or the handrail's condition at the time of the accident (see Moore v 1772 Weeks Ave. Hous. Dev. Fund Corp., 123 AD3d 456, 156 [1st Dept 2014]; Cruz v City of New York, 81 AD3d 505, 505 [1st Dept 2011]). Moreover, contrary to Rosedale's contention, the unsigned work order failed to establish that the handrail was repaired before the accident. Although Batra testified that he always gave Delgado a work order after the work was completed, Rosedale submitted no canceled check in its opposition papers even though Batra testified that he paid Delgado for repair work only by check.
We reject Rosedale's argument that summary judgment is precluded because plaintiff used the stairs twice per day and knew that the handrail was broken at least eight months before she fell. That plaintiff was aware that the handrail was loose before the accident does not establish that she knew the bottom of handrail had broken off. In any event, even assuming plaintiff knew the [*2]handrail was broken, that would not negate a duty to warn of a hazard (see Farrugia v 1440 Broadway Assoc., 163 AD3d 452, 454-455 [1st Dept 2018], appeal withdrawn 32 NY3d 1168 [2019]). At most, plaintiff's knowledge of the hazard would go toward proving her comparative negligence, which would not prevent a judgment in her favor on liability (see Rodriguez v City of New York, 31 NY3d 312, 324-325 [2018]; Socorro v New York Presbyt. Weill Cornell Med. Ctr., 160 AD3d 544, 545 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 25, 2022