## Lopez v New York City Tr. Auth.

2024 NY Slip Op 31853(U)

May 29, 2024

Supreme Court, New York County

Docket Number: Index No. 161924/2018

Judge: Richard Tsai

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. RICHARD TSAI**                          PART            21

*Justice*

-------------------------------------------------------------------------------X

JORGE LOPEZ,

                               Plaintiff,

                               - v -

THE NEW YORK CITY TRANSIT AUTHORITY,

                               Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 161924/2018 |
| MOTION DATE | 01/04/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 20-40

were read on this motion to/for          SUMMARY JUDGMENT (AFTER JOINDER)          .

      In this action, plaintiff Jorge Lopez alleges that he slipped on a banana peel and fell while walking down a staircase in the subway. Defendant New York City Transit Authority now moves for summary judgment dismissing the complaint on the ground that it did not have actual or constructive notice of the banana peel.[1] Plaintiff opposes the motion.

## BACKGROUND

      Plaintiff Jorge Lopez alleges that, on August 8, 2018, at approximately "8:30 PM / 8:40 PM," he slipped and fell while descending staircase P4A inside the East 86th Street and Lexington Avenue 4/5/6 lines uptown subway station, in Manhattan (see Defendant's Exhibit C [NYSCEF Doc. No. 27], verified complaint ¶ 13). Defendant New York City Transit Authority admitted that it "operated and maintained" this subway station (*id.* verified answer ¶ 4).

      At plaintiff's statutory hearing, plaintiff stated that the incident occurred at "08:30 08:45 something like that close" on August 8, 2018 (Defendant's Exhibit E [NYSCEF Doc. No. 29], statutory hearing tr at 10, lines 3-11). According to plaintiff, he was descending a staircase when he stepped on a banana peel (*id.* at 14, line 25; at 15, lines 1-5). Plaintiff stated he did not see the banana peel before he slipped (*id.* at 15, lines 9-11). Plaintiff said that garbage, including paper towels and a bag of chips, also caused his accident (*id.* at 16, lines 16-21; at 17, lines 4-6).

      At plaintiff's deposition, plaintiff stated that his right foot made contact with the banana peel, and it caused him to fall (Defendant's Exhibit G [NYSCEF Doc. No. 31], Lopez EBT at 50,

---

[1] Although defendant denominates this motion seeking "an Order pursuant to CPLR Sections 3211 or 3212 granting defendant summary judgment or dismissing plaintiff's complaint on the ground that plaintiff has failed to state a cause of action against the defendant," defendant does not make any specific legal argument asserting that the complaint should be dismissed for failure to state a claim, pursuant to CPLR 3211 (a) (7), or based on any other subsection of CPLR 3211 (Notice of motion [NYSCEF Doc. No. 20] at 1).

**161924/2018   LOPEZ, JORGE vs. NEW YORK CITY TRANSIT**
**Motion No.  001**

**Page 1 of 4**

1 of 4

[* 1]

lines 4-18).  Plaintiff did not know when the banana peel was first put on the staircase (*id.* at 53, lines 16-18).  Plaintiff stated that nothing other than the banana peel caused him to fall (*id.* at 55, lines 24-25; at 56, lines 2-8).  Plaintiff stated that, prior to slipping, he had been looking down, and had seen the paper towels (*id.* at 57, lines 5-19).

On this motion, defendant provides a job schedule for on-duty cleaners (Defendant's Exhibit K [NYSCEF Doc. No. 35]).  This document purports to be a cleaning schedule for subject subway station (*id.*).  This schedule is dated "Summer 2015" (*id.*).  This schedule includes instructions for the on-duty cleaner to "[s]weep stairways" between 4 PM and 8 PM, and again between 9 PM and 12:00 AM" (*id.*).  This schedule includes the following caveat at the bottom of the page: "SUBJECT TO CHANGE AND/OR ON CHANCE" (*id.*).

On this motion, defendant also provides a "Station Time Control Log" for the subject subway station for August 8, 2018 (Defendant's Exhibit J [NYSCEF Doc. No 34]).  This log purports to show cleaner "S. Matute" signing on as on-duty cleaner at subject subway station at 3:30 PM and signing off at 4:20 PM, signing on at 4:50 PM and signing off at 8:00 PM, and signing on at 8:30 PM and signing off at 12:00 AM (*id.*).

Defendant's employee, Oronde Rascoe, stated on August 23, 2023, that he has worked for defendant for five years, and, at the time of deposition, was a station supervisor (Defendant's Exhibit I [NYSCEF Doc. No. 33], Rascoe EBT tr at 7, lines 14-25).

Rascoe testified as follows: in August 2018, subject subway station was part of a zone he handled as supervisor (*id.* at 8, lines 10-23).  A supervisor's day, between 3:00 PM and 8:00 PM, "usually consists of making sure fellow other employees, CTAs on duty, are performing their tasks, you know, that the various stations we would visit, check for cleanliness and things like that" (*id.* at 10, lines 15-25).  He could not remember whether himself or another station supervisor was assigned to the station on August 8, 2018 between 3:00 PM and 11:00 PM (*id.* at 13, lines, 16-25; at 14, lines 2-6;  at 16, lines 5-8).  He did not recall any complaints being made to the station agent, cleaner or transit authority about debris on the staircase on August 8, 2018 (*id.* at 20, lines 9-15).

Rascoe further testified that the CTA is "in of charge cleaning the stairways" (*id.* at 12, lines 16-24). Usually a CTA is assigned to the subject subway station, but he would have to look at the records to see if a CTA was assigned on August 8, 2018, between 3:00 PM and 11:00 PM (*id.* at 11, lines 19-24; at 12, lines 2-5).  Unless there is an incident, the CTA does not make a record in respect of their cleaning and sweeping the stairs: "if no incident occurred or anything, usually there's no records just – they just do their tasks, they sign the time control log, usually at the start of their tour, and when they go to the next station" (*id.* at 18, lines 22-25; at 19, lines 4-13).

## DISCUSSION

"On a motion for summary judgment, the moving party must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact.  If the moving

**161924/2018   LOPEZ, JORGE vs. NEW YORK CITY TRANSIT**                                    **Page 2 of 4**
**Motion No.  001**

party produces the required evidence, the burden shifts to the nonmoving party to establish the existence of material issues of fact which require a trial of the action"

(*Xiang Fu He v Troon Mgt., Inc*., 34 NY3d 167, 175 [2019] [internal citations and quotation marks omitted]).  On a motion for summary judgement, "facts must be viewed in the light most favorable to the non-moving party" (*Vega v Restani Const. Corp.,* 18 NY3d 499, 503 [2012] [internal quotation marks omitted]).

To be entitled to summary judgment in a slip and fall case, defendant has the burden of making "a prima facie showing that it neither (1) affirmatively created the hazardous condition nor (2) had actual or constructive notice of the condition and a reasonable time to correct or warn about its existence" (*Rodriguez v Kwik Realty*, LLC, 216 AD3d 477, 478 [1st Dept 2023] [internal quotation marks omitted]).

## I.        Whether defendant affirmatively created the hazard

Although defendant's counsel claims "the undisputed proof herein reveals that the AUTHORITY did not create the condition about which the plaintiff complains, namely, the presence of a banana peel and other debris on the P4A stairway" (affirmation of defendant's counsel in support of motion at ¶ 29), the assertion of defendant's counsel is not based on personal knowledge.  Therefore, the affirmation of defendant's counsel is insufficient to establish as a matter of law that defendant did not affirmatively create the hazardous condition (*see Zeldin v Larose*, 223 AD3d 858, 858 [2d Dept 2024] ["A conclusory affidavit or an affidavit by an individual without personal knowledge of the facts does not establish the proponent's prima facie burden on a motion for summary judgment"]).

## II.       Whether defendant had actual or constructive notice

"Actual notice may be found where a defendant either created the condition or was aware of its existence prior to the accident. In order to constitute constructive notice, a defect must be visible and apparent for a sufficient length of time to permit the defendant's employees to discover and remedy it"

(*Atashi v Fred-Doug 117 LLC*, 87 AD3d 455, 456 [1st Dept 2011] [internal citation omitted]).

In support of its motion, defendant argues that the plaintiff has provided no proof of notice (affirmation in support ¶ 29).[2]  Defendant relies on the Station Time Control Log, job schedule for on-duty cleaners, and Rascoe's deposition testimony, and argues that they "establish

---

[2] To the extent that defendant is arguing that plaintiff had the burden of introducing evidence of notice on this motion, that is not the law.  Rather, because this is defendant's motion for summary judgment, defendant, as the movant, has the "prima facie burden of showing lack of notice" (*Davis v Brookfield Properties Mgt., LLC*, 220 AD3d 527 [1st Dept 2023]).  "Merely pointing to gaps in an opponent's evidence is insufficient to satisfy the movant's burden" (*Hairston v Liberty Behavioral Mgt. Corp*., 157 AD3d 404, 405 [1st Dept 2018]).

**161924/2018   LOPEZ, JORGE vs. NEW YORK CITY TRANSIT**                                              **Page 3 of 4**
**Motion No.  001**

3 of 4

[* 3]

as matter of law" that defendant "lacked notice of the presence of the allegedly dangerous condition" (*id.,* ¶ 32). In opposition, plaintiff argues that "[t]here are no affidavits nor affirmations from knowledgeable witnesses from the defendant" (affirmation in opposition ¶ 17).

Defendant did not establish lack of actual notice. Because Rascoe was unable to recall whether he was the on-duty supervisor at the time of the alleged incident, defendant did not demonstrate Rascoe had personal knowledge sufficient to meet defendant's prima facie burden on this motion of summary judgment (*see Zeldin*, 223 AD3d at 858).

 "A defendant demonstrates lack of constructive notice by producing evidence of its maintenance activities on the day of the accident, and specifically that the dangerous condition did not exist when the area was last inspected or cleaned before the plaintiff fell" (*Ross v Betty G. Reader Revocable Trust,* 86 AD3d 419, 421 [1st Dept 2011]). Here, defendant did not make prima facie showing establishing when the subject area was last cleaned or inspected prior to the accident. Rascoe confirmed that no record of CTA cleaning or sweeping stairway is made unless there is an incident. Defendant has only put forward a sign-in sheet purporting to establish that a certain cleaner signed-in as being present at the subject station along with general instructions for the cleaner's duties, but defendant submitted no affidavit or deposition testimony from the cleaner. "Since the defendant did not provide evidence regarding any specific cleaning or inspection of the area in question on that day, the defendant failed to make a prima facie showing of entitlement to judgment as a matter of law" (*Williams v New York City Hous. Auth.*, 119 AD3d 857, 858 [2d Dept 2014]).

Because defendant failed to meet its prima facie burden of demonstrating lack of notice, defendant's motion for summary judgment dismissing the complaint is denied.

## CONCLUSION

It is hereby **ORDERED** that defendant's motion (Seq. No. 001) for summary judgment is **DENIED.**

This constitutes the decision and order of the court.

20240529165248RTSAI6BBE6D2FA2CC4FE0B9413D29F2FB80FC

**5/29/2024**
_____
**DATE**

_____
**RICHARD TSAI, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**161924/2018   LOPEZ, JORGE vs. NEW YORK CITY TRANSIT**
**Motion No.  001**

Page 4 of 4

4 of 4