Tambini v State of New York (2024 NY Slip Op 04674)

Tambini v State of New York

2024 NY Slip Op 04674

Decided on September 27, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, NOWAK, AND DELCONTE, JJ.

587 CA 24-00229

[*1]CATHERINE TAMBINI, CLAIMANT-APPELLANT.
v
STATE OF NEW YORK, DEFENDANT-RESPONDENT. (CLAIM NO. 135464.) 

HELD & HINES, LLP, BROOKLYN (PHILIP M. HINES OF COUNSEL), FOR CLAIMANT-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (OWEN DEMUTH OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Court of Claims (Debra A. Martin, J.), entered August 2, 2023. The order granted the motion of defendant for summary judgment and dismissed the claim. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Claimant commenced this action seeking damages for injuries she sustained when she slipped and fell on a snow-covered walkway to the medical building at Albion Correctional Facility, where she was incarcerated. Defendant moved for summary judgment dismissing the claim on the ground that it did not have a duty to clear the walkway because there was a storm in progress at the time of claimant's accident, submitting, inter alia, claimant's deposition testimony that it was snowing at the time of her accident and an expert affidavit from a meteorologist opining that the weather conditions at that time were "snowy" and "stormy" and the snow on the ground was "fresh." The Court of Claims granted the motion pursuant to the storm in progress doctrine. Claimant appeals, and we now affirm.
Defendant met its initial burden of establishing as a matter of law "that a storm was in progress at the time of the accident and, thus, that it 'had no duty to remove the snow [or] ice until a reasonable time ha[d] elapsed after cessation of the storm' " (Witherspoon v Tops Mkts., LLC, 128 AD3d 1541, 1541 [4th Dept 2015]; see Valentine v State of New York, 197 Misc 972, 975 [Ct Cl 1950], affd 277 App Div 1069 [3d Dept 1950]; see generally Battaglia v MDC Concourse Ctr., LLC, 34 NY3d 1164, 1165-1166 [2020]). In opposition, claimant failed to raise a triable issue of fact " 'whether the accident was caused by a slippery condition at the location where [she] fell that existed prior to the storm, as opposed to precipitation from the storm in progress, and that the defendant had actual or constructive notice of the preexisting condition' " (Quill v Churchville-Chili Cent. Sch. Dist., 114 AD3d 1211, 1212 [4th Dept 2014]). Specifically, the record is devoid of competent evidence that there was preexisting snow or ice on the walkway to the medical building, and claimant's attorney's statement in his opposing affirmation that there may have been an underlying layer of ice on the walkway from precipitation three days before the accident was "based on mere speculation and thus . . . insufficient to raise an issue of fact" (Hanifan v COR Dev. Co., LLC, 144 AD3d 1569, 1570 [4th Dept 2016], lv denied 29 NY3d 906 [2017]).
We have reviewed claimant's remaining contention and conclude that it is without merit.
Entered: September 27, 2024
Ann Dillon Flynn
Clerk of the Court