| |
|---|
| **Aquino v New York City Tr. Auth.** |
| 2024 NY Slip Op 33663(U) |
| October 16, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 154847/2020 |
| Judge: Richard Tsai |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:   **HON. RICHARD TSAI**              PART               21

*Justice*

-------------------------------------------------------------------------X

CONFESORA CABRAL AQUINO,

                       Plaintiff,

                - v -

NEW YORK CITY TRANSIT AUTHORITY,

                       Defendant.

-------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 154847/2020 |
| MOTION DATE | 02/16/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 002) 35, 37- 64

were read on this motion to/for           JUDGMENT - SUMMARY        .

In this action, plaintiff Confesora Cabral Aquino alleges that, on April 21, 2019, at approximately 3 PM, she was attempting to use a turnstile, which she described as the first of three turnstiles on her right, "leading to the Downtown/Lenox Avenue" platform at the 2/3 train station at 135th Street in Manhattan (exhibit E in opposition to motion [NYSCEF Doc. No. 54], bill of particulars ¶¶ 4-5). According to plaintiff, "I was swiping my card and it didn't go through. I had to try three times until the bar opened and then I was crossing and suddenly the bar got stuck and I felt that this hit me. And then I fell on my left leg" (exhibit G in opposition to motion [NYSCEF Doc. No. 56], plaintiff's deposition at 27 line 2 through 28, line 5, 31, line 2 through line 14).

Defendant New York City Transit Authority now moves for summary judgment dismissing the complaint. Plaintiff opposes the motion.

## DISCUSSION

"On a motion for summary judgment, the moving party must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact. If the moving party produces the required evidence, the burden shifts to the nonmoving party to establish the existence of material issues of fact which require a trial of the action" (*Xiang Fu He v Troon Mgt., Inc.*, 34 NY3d 167, 175 [2019] [internal citations and quotation marks

154847/2020   CABRAL AQUINO, CONFESORA vs. NEW YORK CITY TRANSIT AUTHORITY       **Page 1 of 4**
Motion No. 002

1 of 4

omitted]).

On a motion for summary judgement, "facts must be viewed in the light most favorable to the non-moving party" (*Vega v Restani Const. Corp.,* 18 NY3d 499, 503 [2012] [internal quotation marks omitted]).

> "The standard of reasonable care that governs a landowner's duty to anyone that enters its property requires that a landowner must act as a reasonable person in maintaining the property in a reasonably safe condition in view of all the circumstances, including the likelihood of injuries to others, the seriousness of the injury and the burden of avoiding risk. Thus, a property owner is subject to liability for a defective condition on its premises if a plaintiff demonstrates that the owner either created the alleged defect or had actual or constructive notice of it" (*Doherty v 730 Fifth Upper, LLC*, 227 AD3d 606, 607 [1st Dept 2024] [internal quotation marks, citations and emendation omitted]).

"Actual notice may be found where a defendant either created the condition, or was aware of its existence prior to the accident" (*Atashi v Fred-Doug 117 LLC*, 87 AD3d 455, 456 [1st Dept 2011]). "Constructive notice may be found when a defect has been "visible and apparent for a sufficient length of time to permit the defendant's employees to discover and remedy it" (*id.* at 456).

In support of its motion, defendant relies upon the service call history report for the R306 subway station, the fare control area for the 135th Street #2 and #3 subway station in Manhattan (*see* NYSCEF Doc. No. 35), and defendant submits an affidavit from Steven Ilardi, Assistant Chief Officer of Automated Fare Collection (AFC) of Subways and Bus Equipment Maintenance (*see* NYSCEF Doc. No. 39).

Based on his search, Ilardi averred that, "[f]rom April 21, 2017 to July 21, 2019, there were no reported issues regarding the turnstile bars or barrier release mechanism for the Subject Turnstile" (Ilardi aff ¶ 17).  Referencing Ilardi's affidavit and the service call history report, defendant argues that "there were only seven (7) reported issues occurred on the Subject Turnstile from April 21, 2017 to July 21, 2019" and that "these issues were all about writing and/or accepting MetroCards" (affirmation in reply [NYSCEF Doc. No. 63] ¶ 37).

Defendant argues that, because there were no reported issues regarding the turnstile bars or barrier release mechanism for the subject turnstile during the two years preceding plaintiff's alleged incident, there is therefore no evidence that defendant had any actual or constructive notice of the existence of the alleged defective/hazardous turnstile for a sufficient length of time to discovery and correct it (affirmation of defendant's counsel in support of motion ¶ 24 [NYSCEF Doc. No. 38]).

While the lack of any reported issues noted in the service call history report might establish that defendant lacked actual notice of any alleged defect of the subject

**154847/2020   CABRAL AQUINO, CONFESORA vs. NEW YORK CITY TRANSIT AUTHORITY**          **Page 2 of 4**
**Motion No.  002**

2 of 4

[* 2]

turnstile, defendant did not establish that it lacked constructive notice, because it did not submit evidence when the subject turnstile was last inspected (*see Ross v Betty G. Reader Revocable Trust*, 86 AD3d 419, 421 [1st Dept 2011]; *see also Doherty, LLC*, 227 AD3d at 607 ["Where, however, an object capable of deteriorating is concealed from view, a property owner's duty of reasonable care entails periodic inspection of the area of potential defect"]).[1] The repair records here do not establish "how often" the turnstiles were inspected and when the last inspection occurred (*Swallows v W New York - Times Sq.*, —AD3d—, 2024 NY Slip Op 04629 [1st Dept 2024]).[2]

Likewise, defendant's cleaning schedules do not establish when the subject turnstile was last inspected, as Martindale testified that the cleaners "can't do any maintenance" (Martindale deposition at 33, lines 18-20). In any event, "that a janitorial schedule merely existed does not suffice for purposes of showing that it was followed" (*Gautier v 941 Intervale Realty LLC*, 108 AD3d 481, 481 [1st Dept 2013]).

Defendant's reliance on *Lefkowitz v City of New York* (269 AD 666 [2d Dept 1945], *affd*, 297 NY 769 [1948]) is misplaced. Although *Lefkowitz* involved a plaintiff who was injured while using a subway turnstile, there, the Appellate Division, Second Department reversed a judgment in favor of the plaintiff after trial, having found that there was no evidence presented that the defendant had actual or constructive notice of the alleged defect. That is to say, the burden in *Lefkowitz* was on the plaintiff, at trial, to establish that defendant had actual or constructive notice of the defect, and the Appellate Division, Second Department found that that burden had not been met. Here, on this motion for summary judgment, defendant had the "burden of showing entitlement to judgment due to lack of notice of the dangerous condition" (*Peters v Trammell Crow Co.*, 47 AD3d 419, 420 [1st Dept 2008]).

Again, as defendant has not put forward any evidence on this motion as to when the subject turnstile was "last inspected", its motion for summary judgment is denied (*Gatto v Coinmach Corp.*, 172 AD3d 1176, 1178 [2d Dept 2019]).

As this court finds that the motion must be denied due to defendant's failure to meet its prima facie burden, this court need not address plaintiff's contentions that

---

[1] In its reply papers, defendant contends that the defect—the failure of the turnstile to rotate—was a defect concealed from view (affirmation in reply of defendant's counsel [NYSCEF Doc. No. 63] ¶¶ 16-20). Even if the court were to accept this contention, raised for the first time in reply, a concealed defect would require proof of periodic inspections to establish lack of constructive notice (*see Hayes v Riverbend Hous. Co., Inc.*, 40 AD3d 500, 501 [1st Dept 2007]).
[2] In its reply papers, defendant references the deposition testimony of "Wallace Martindale, the MTA New York City Transit Division of Station Operations Cleaner" (affirmation in reply ¶ 17), who testified that subway turnstiles are generally subject to "a 60-day maintenance cycle and … a semi-annual maintenance cycle" (defendant's exhibit A in support of motion [NYSCEF Doc. No. 40], Martindale deposition at 21, lines 24 through 22, line 5). However, Martindale himself testified that he did not know when the turnstiles were last maintained or inspected prior to the subject accident (Martindale deposition at 24, lines 9-14).

**154847/2020   CABRAL AQUINO, CONFESORA vs. NEW YORK CITY TRANSIT AUTHORITY**          **Page 3 of 4**
**Motion No.  002**

3 of 4

[* 3]

defendant failed to produce inspection, cleaning, repair and maintenance records of the subject turnstile, in response to plaintiff's discovery demands (*see* affirmation in opposition [NYSCEF Doc. No. 49] ¶¶ 11-26), or plaintiff's assertion that there was a material issue of fact as to whether defendant had notice of a "recurring defect" at subject turnstile (*id*. ¶¶ 48-58).

This constitutes the decision and order of the court.

20241016130804RTSAIF71B449881B241D59A08719CD7489845

| __10/16/2024__ | | | | |
|---|---|---|---|---|
| **DATE** | | | **RICHARD TSAI, J.S.C.** | |

| CHECK ONE: | | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | ☐ GRANTED | ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**154847/2020   CABRAL AQUINO, CONFESORA vs. NEW YORK CITY TRANSIT AUTHORITY**
**Motion No.  002**

**Page 4 of 4**