Rondon v 328 W. 44 St. LLC (2025 NY Slip Op 06295)

Rondon v 328 W. 44 St. LLC

2025 NY Slip Op 06295

Decided on November 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 18, 2025

Before: Kern, J.P., Scarpulla, Friedman, O'Neill Levy, Chan, JJ. 

Index No. 152899/18|Appeal No. 5189|Case No. 2024-03534|

[*1]Rafael C. Rondon, Plaintiff-Appellant,
v
328 W. 44 Street LLC et al., Defendants-Respondents, Sacchetti Realty LLC et al., Defendants.

Pollack, Pollack, Isaac & DeCicco LLP, New York (Brian J. Isaac of counsel), for appellant.
Mauro Lilling Naparty LLP, Woodbury (Jennifer B. Adler of counsel), for 328 W. 44 Street LLC and T.M.S. Management Company, respondents.

Order, Supreme Court, New York County (Eric Schumacher, J.), entered May 23, 2024, which granted the motion of defendants 328 W. 44 Street LLC and T.M.S. Management Company (collectively TMS defendants) for summary judgment dismissing the complaint as against them and denied plaintiff's cross-motion for leave to serve an amended verified bill of particulars, unanimously reversed, on the law, without costs, TMS defendants' motion denied and plaintiff's cross-motion granted.
In this personal injury action, plaintiff fell off the sixth-floor fire escape of a building owned and managed by the TMS defendants.
Although the TMS defendants established their prima facie entitlement to summary judgment through plaintiff's deposition testimony that he could not remember the accident (see Reed v Piran Realty Corp., 30 AD3d 319, 320 [1st Dept 2006], lv denied 8 NY3d 801 [2007]), plaintiff raised triable issues of fact in opposition to the motion. The affidavit by plaintiff's expert architect, who inspected the fire escape and opined that it violated 1 RCNY 15-10(r)(2) by not having a guardrail around the open stairway hatch, when read in combination with defendant Luis F. Rodriguez-Vera's testimony that he thought he saw plaintiff "as he was stepping into the hole," are sufficient to raise triable issues as to whether the lack of a guardrail was a dangerous condition from which causation could be reasonably inferred (see Yuet Chun Lee v 124-126 Mott Corp., 212 AD3d 464 [1st Dept 2023]; Rodriguez v Leggett Holdings, LLC, 96 AD3d 555, 556 [1st Dept 2012]).
We decline to consider the video of the accident because it is not authenticated (see Kuti v Sera Sec. Servs., 182 AD3d 401, 404 [1st Dept 2020]). That the TMS defendants annexed the video to their summary judgment motion did not preclude them from challenging its admissibility because they did not rely on it to support the motion (cf. Cruz v Skeritt, 140 AD3d 554, 554 [1st Dept 2016]).
The TMS defendants, noting that the building in question was constructed in 1906, argue that the 1968 Building Code, which contains the provisions that plaintiff claims were violated, did not apply to the building. However, on this record, the TMS defendants did not meet their burden of establishing as a matter of law that the 1968 Building Code was inapplicable.
Even if the TMS defendants' expert is correct that at the time of the accident the building complied with all applicable Building Code and Rules of City of New York provisions, compliance with applicable building codes and rules is not dispositive of whether they breached their duty of care under the common law (see Kellman v 45 Tiemann Assoc., 87 NY2d 871, 872 [1995]; compare Rivera v Nelson Realty, LLC, 7 NY3d 530 [2006] [finding "any duty to protect children from uncovered radiators remains that of the tenant, unless some other statute or regulation imposes it on the landlord," where the plaintiffs did "not claim that the radiator that injured [the child] needed repair, or was defective"]).
Further, the TMS defendants failed to show that they did not have constructive notice of a dangerous or defective condition. Although the failure to have a guardrail around the stairway hatch did not violate any code preceding the 1968 Building Code, the alleged defect was obvious and existed for a sufficient time to allow the TMS defendants to discover and remedy it given that their witness testified that they have owned the building for almost 30 years (see Sussman v MK LCP Rye LLC, 164 AD3d 1139, 1140 [1st Dept 2018]). Moreover, since the TMS defendants "made no showing of inspections of the fire escape before the accident, they 'failed to show lack of constructive notice as a matter of law'" (Lombardi v Partnership 92 W., L.P., 129 AD3d 547 [1st Dept 2015], quoting Showverer v Allerton Assoc., 306 AD2d 144, 144 [1st Dept 2003]).
The court improvidently exercised its discretion in denying plaintiff's cross-motion for leave to serve an amended verified bill of particulars. Although plaintiff failed to establish a reasonable excuse for the delay in moving for leave, defendants demonstrated no prejudice. Moreover, the proposed amendments relate to an owner's responsibilities to provide safe access to fire escapes and to equip them with adequate guardrails, consistent with the theories of liability set forth in the complaint and the supplemental bill of particulars (see Hernandez v Aldus III Assoc., LP, 115 AD3d 529, 530-531 [1st Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 18, 2025